KEITH E. EGGLETON, State Bar No. 159842
Email:  keggleton@wsgr.com
DALE R. BISH, State Bar No. 235390
Email:  dbish@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

Attorneys for Defendants
Western Digital Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS MALONE, CHRIS AYERS, JAMES BACKUS, DAVID EATON, STEVEN GRAVEL, and TOD WEITZEL, for Themselves, as Private Attorneys General, and/or On Behalf Of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>WESTERN DIGITAL CORPORATION, a Delaware corporation,<br><br>            Defendant. | CASE NO.: 5:20-cv-03584-NC<br><br>**JOINT STIPULATION TO EXTEND THE DATE FOR DEFENDANT TO RESPOND TO OPERATIVE COMPLAINT** |

Plaintiffs Nicholas Malone, Chris Ayers, James Backus, David Eaton, Steven Gravel, and Tod Weitzel ("Plaintiffs") and Defendant Western Digital Corporation ("Defendant") (collectively, "the parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, on May 29, 2020, Plaintiffs commenced this action by filing the original Complaint;

1  WHEREAS, on June 16, 2020, Plaintiffs filed a First Amended Complaint ("FAC") adding additional plaintiffs and allegations;

3  WHEREAS, on June 16, 2020, Plaintiffs notified Defendant of Plaintiffs' intent to seek leave of Court to file a Second Amended Complaint ("SAC"), to add additional plaintiffs, causes of action, and prayer(s) for relief;

6  WHEREAS, absent extension, Defendant's response to the FAC is currently due on or before June 30, 2020 under Rule 15(a)(3) of the Federal Rules of Civil Procedure;

8  WHEREAS, the parties to this stipulation have conferred and agree that requiring a response to the FAC by June 30, 2020 would necessitate duplicative effort, unnecessary motion practice, and result in a waste of judicial resources;

11  WHEREAS, in consideration of preserving resources and to promote efficiency, the parties have conferred and agree to extend the deadline for Defendant to answer or otherwise respond to the FAC until August 10, 2020;

14  WHEREAS, the parties further agree that, in the event Plaintiffs seek leave of Court to file a SAC on or before July 27, 2020, then:

16  (i) if the Court denies leave for Plaintiffs to file a SAC, the deadline for Defendant to answer or otherwise respond to the FAC will be extended to thirty (30) days after the Court's denial for leave to file the SAC; or

19  (ii) if the Court grants leave for Plaintiffs to file a SAC, the deadline for Defendant to answer or otherwise respond to the SAC will be extended to thirty (30) days after the date on which the Court grants leave;

22  WHEREAS, in the event that Defendant stipulates to the filing of the SAC pursuant to Fed. R. Civ. P. 15(a)(2), the deadline for Defendant to answer or otherwise respond to the SAC will be extended to thirty (30) days after the stipulated SAC is filed;

25  WHEREAS, Civil Local Rule 6-1(a) provides that parties may stipulate in writing, without a Court order, to extend the time within which to answer or otherwise respond to a

complaint, provided the change will not alter the date of any event or any deadline already fixed by Court order;

WHEREAS, the stipulated extensions will not impact any deadline or date previously fixed by Court order;

NOW, THEREFORE, pursuant to Civil Local Rule 6-1(a), and with Defendant and Plaintiffs reserving all rights and defenses, the parties respectfully agree to the following:

1. The time for Defendant to respond to the FAC is extended to August 10, 2020;

2. In the event that Plaintiffs seek leave of Court to file a SAC on or before July 27, 2020, then (i) Defendant's deadline to respond to the FAC will be extended to thirty (30) days after the Court denies leave for Plaintiffs to file a SAC; or (ii) if the Court grants leave for Plaintiffs to file a SAC, Defendant's deadline to respond to the SAC will be extended to thirty (30) days after the date on which the Court grants leave.

3. In the event that Defendant stipulates to the filing of the SAC pursuant to Fed. R. Civ. P. 15(a)(2), the deadline for Defendant to answer or otherwise respond to the SAC will be extended to thirty (30) days after the date the stipulated SAC is filed.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| 1 | Dated: June 26, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 4 | | |
| | | By: _/s Keith E. Eggleton_____ |
| 5 | | KEITH E. EGGLETON |
| 6 | | Attorneys for Defendant |
| 7 | | WESTERN DIGITAL CORPORATION |
| 8 | | |
| | Dated: June 26, 2020 | Respectfully submitted, |
| 9 | | |
| 10 | | HATTIS & LUKACS |
| 11 | | By: _/s Daniel M. Hattis_____ |
| | | DANIEL M. HATTIS |
| 12 | | |
| 13 | | Attorneys for Plaintiffs<br>NICHOLAS MALONE, et al. |

### ATTORNEY ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document hereby attests that concurrence in the filing of the document has been obtained from each of the other Signatories.

_/s Keith E. Eggleton_____
Keith E. Eggleton