1  **Lewis Brisbois Bisgaard & Smith llp**
   Eric Y. Kizirian (SB# 210584)
2      eric.kizirian@lewisbrisbois.com
   Joshua S. Hodas (SB# 250802)
3      josh.hodas@lewisbrisbois.com
   Leo A. Bautista (SB# 149889)
4      leo.bautista@lewisbrisbois.com
   Daniel C. DeCarlo (SB# 160307)
5      dan.decarlo@lewisbrisbois.com
   633 West 5th Street, Suite 4000
6  Los Angeles, California 90071
   Telephone: 213.250.1800
7  Facsimile: 213.250.7900

8  *Attorneys for Defendant*

9                 UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12 Nicholas Malone, et al.,                    Case No. 5:20-cv-03584-NC

13              Plaintiffs,                     **Defendant Western Digital
                                                Corporation's Answer to the Second
14      vs.                                     Amended Class Action Complaint**

15 Western Digital Corporation,                **DEMAND FOR JURY TRIAL**

16              Defendant.                      *Assigned to The Hon. Nathanael M. Cousins*

17                                              Action Filed:  May 25, 2020
                                                Trial Date:     May 1, 2023
18

19

20

21

22

23

24

25

26

27

28

## ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, Defendant Western Digital Corporation ("Defendant" or "WDC") hereby answers the Second Amended Class Action Complaint filed August 10, 2020 by Plaintiffs NICHOLAS MALONE, CHRIS AYERS, JAMES BACKUS, BRIAN CONWAY, DAVID EATON, STEVEN GRAVEL, JAMES RAAYMAKERS, and TOD WEITZEL ("Plaintiffs").

## INTRODUCTION

1.   Defendant Western Digital Corporation admits that Plaintiffs brings this action against Western Digital Corporation ("Defendant" or "Western Digital"), purportedly on behalf of all United States residents who purchased certain hard drives which were branded "WD Red NAS" and which have the following SKUs: WD20EFAX (2TB capacity), WD30EFAX (3TB capacity), WD40EFAX (4TB capacity) and WD60EFAX (6TB capacity) (collectively, the "WD Red NAS drives" or "WD Red NAS hard drives"). Defendant denies the remaining allegations in paragraph 1.

2.   Defendant admits that it has utilized Shingled Magnetic Recording ("SMR") technology in certain of its WD Red NAS hard drives, which previously used Conventional Magnetic Recording ("CMR") technology. Defendant lacks information sufficient to admit or deny the allegations in the second and third sentences of paragraph 2 and on that basis denies them. Defendant admits that Plaintiffs partially quote a blog post that was once available on Western Digital's website, which stated, in part: "Due to the wide range of performance variability and unpredictability, The Drive Managed zone model is considered impractical and unacceptable for enterprise-class deployments." Defendant further admits that the blog post also stated that Drive Managed disks are suitable for, among other applications, "client PC use and external backup HDDs in the client space." Except as expressly admitted, Defendant denies all allegations in paragraph 2.

3.   Defendant admits that it has utilized Drive Managed SMR technology in certain of its WD Red NAS hard drives, which previously used Conventional Magnetic Recording ("CMR") technology. Defendant denies all other allegations in paragraph 3.

4.   Defendant denies the allegations in paragraph 4.

5.   Defendant admits that on March 30, 2020 an employee of Western Digital UK sent an email that erroneously described Defendants' product line in a manner that could leave the impression that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   the WD Red NAS drives did not include any drives using SMR technology, which error was corrected

2   soon after. Defendant denies the remaining allegations in paragraph 5.

3      6.   Defendant admits that three NAS device manufacturers (Synology, Inc., iXsystems and Drobo,

4   Inc.) do not currently include WD Red NAS drives with SMR technology on their hardware compatibility

5   lists. Except as expressly admitted, Defendant lacks information sufficient to admit or deny the

6   allegations in paragraph 6 and on that basis denies them.

7      7.   Defendant admits that Plaintiffs partially quote a Western Digital blog post dated April 20, 2020,

8   which states, in relevant part, that Western Digital understood that, at times, its WD Red NAS hard

9   drives may be used "in system workloads far exceeding their intended uses." Except as expressly

10  admitted, Defendant denies all allegations in paragraph 7.

11     8.   Defendant admits that Plaintiff's purport to quote certain advertising allegedly promulgated by

12  Defendant. That advertising is the best evidence of its contents.  Except as expressly admitted and

13  averred herein, Defendant denies each of the remaining allegations in paragraph 8.

14     9.   Defendant denies the allegations in paragraph 9.

15     10. Defendant denies the allegations in paragraph 10.

16     11. Defendant denies the allegations in paragraph 11.

17     12. Defendant admits that Plaintiffs bring this action individually for the causes enumerated in

18  paragraph 12 and purport to do so on behalf of a purported nationwide class and various purported

19  subclasses and seek to recover damages, restitution and injunctive relief therefor. Defendant denies that

20  it is liable for any of Plaintiffs claims and denies that they can properly be maintained as a class action.

## The Parties

22     13. Defendant lacks information sufficient to admit or deny the allegations in paragraph 13 and on

23  that basis denies them.

24     14. Defendant lacks information sufficient to admit or deny the allegations in paragraph 14 and on

25  that basis denies them.

26     15. Defendant lacks information sufficient to admit or deny the allegations in paragraph 15 and on

27  that basis denies them.

28



1    16. Defendant lacks information sufficient to admit or deny the allegations in paragraph 16 and on
2    that basis denies them.

3    17. Defendant lacks information sufficient to admit or deny the allegations in paragraph 17 and on
4    that basis denies them.

5    18. Defendant lacks information sufficient to admit or deny the allegations in paragraph 18 and on
6    that basis denies them.

7    19. Defendant lacks information sufficient to admit or deny the allegations in paragraph 19 and on
8    that basis denies them.

9    20. Defendant lacks information sufficient to admit or deny the allegations in paragraph 20 and on
10   that basis denies them.

11   21. Defendant admits the allegations in paragraph 21.

12                               **JURISDICTION AND VENUE**

13   22. Defendant admits that the amount in controversy in this action as presently pleaded may exceed
14   $5 million. The remainder of paragraph consists of a legal contention to which no response is required.
15   To the extent that any response may be required, except as expressly admitted, Defendant denies all
16   other allegations in paragraph 22. Defendant does not contest the Court's subject matter jurisdiction at
17   this time but reserves the right to renew its challenge to this Court's subject-matter jurisdiction as
18   discovery develops.

19   23. Defendant admits that it is headquartered in San Jose, California and regularly conducts business
20   in the State of California.  The remainder of paragraph consists of a legal contention to which no
21   response is required. To the extent that any response may be required, except as expressly admitted,
22   Defendant denies all remaining allegations in paragraph 23. Defendant does not contest personal
23   jurisdiction at this time.

24   24. Defendant admit that it resides in this judicial district.  The remainder of paragraph consists of
25   a legal contention to which no response is required. To the extent that any response may be required,
26   except as expressly admitted, Defendant denies all remaining allegations in paragraph 24. Defendant
27   does not contest venue at this time.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# COMMON FACTUAL ALLEGATIONS

## I. OVERVIEW OF HARD DRIVE TECHNOLOGY

25. Defendant admits the allegations in paragraph 25. Defendant lacks sufficient information concerning the citations contained in the footnote to paragraph 25 to admit or deny any allegation(s) arising therefrom, and on that basis denies any such allegation(s). Defendant similarly denies any other allegation(s) arising from citations in footnotes contained in any paragraph of the Second Amended Complaint.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits the allegations in the first and second sentences in paragraph 27. Defendant further admits that Plaintiffs partially quote an article on the Synology website, which states, in part: "[CMR] works by aligning the poles of the magnetic elements, which represent bits of data, perpendicularly to the surface of the disk. Magnetic tracks are written side-by-side, without overlapping." Except as expressly admitted, Defendant denies the allegations in paragraph 27.

28. Defendant admits that Plaintiffs partially quote an article by Kazuhito Shimomura appearing on Toshiba's website, which states, in part: "[CMR hard drives] deliver excellent random-access performance" and are "widely used not only in PCs but also for online storage applications." Except as expressly admitted, Defendant denies the allegations in paragraph 28.

29. Defendant admits that SMR technology was developed more recently than CMR. Except as expressly admitted, Defendant denies all allegations in paragraph 29.

30. Defendant admits that Plaintiffs partially quote an article on the Synology website, which states, in part: "Rather than writing each magnetic track without overlapping, SMR overlaps each new track with part of the previously written track, much like shingles on a roof. By overlapping the tracks, write heads become thinner, thus expanding areal density." Except as expressly admitted, Defendant denies the allegations in paragraph 30.

31. Defendant admits the allegations in the first sentence of paragraph 31. Defendant further admits that Plaintiffs partially quote an article by Paul Alcorn on the Tom's Hardware website, which states, in part: "However, if new (or modified) data needs to be placed near existing data, the drive will have to overwrite the neighboring shingled tracks … That makes [SMR] drive[s] significantly slower at writing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   tasks, especially for random writes." Except as expressly admitted, Defendant denies the allegations in

2   paragraph 31.

3       32. Defendant denies the allegations in paragraph 32.

4       33. Defendant admits that Plaintiffs partially quote an article by Paul Alcorn on the Tom's

5   Hardware website, which states, in part, that SMR drives are designed to be used for "cold data storage,

6   like archives and backups, because of their poor performance." Defendant further admits that Plaintiffs

7   partially quote an Ars Technica article by Jim Salter, which states, in part, that, "[u]ntil recently, [SMR]

8   technology has only been seen in very large disks, which were typically clearly marked as 'archival.'"

9   Except as expressly admitted, Defendant denies the allegations in paragraph 33.

10      34. Defendant denies the allegations in the first sentence of paragraph 34. Defendant admits that

11  Plaintiffs partially quote a posting on the Seagate website, which states, in part: "A NAS system is a

12  storage device connected to a network that allows storage and retrieval of data from a centralized

13  location for authorized network users and heterogeneous clients" and "NAS is like having a private

14  cloud in the office." Except as expressly admitted, Defendant denies the allegations in paragraph 34.

15      35. Defendant admits the allegations in paragraph 35.

16      36. Defendant admits that Plaintiffs partially quote a video posted on YouTube, which states, in

17  part, that NAS systems provide "redundancy" meaning "that one hard drive can mirror another inside

18  the NAS, so whatever [is] store[d] on one drive, it is simultaneously stored on the other, like a live

19  instant back-up. This means that if one drive does fail, then [a consumer] can carry on as if nothing

20  happened." Except as expressly admitted, Defendant denies the allegations in paragraph 36.

21      37. Defendant admits the allegations in paragraph 37.

22      38. Defendant admits the allegations in the second and third sentences of paragraph 38. Defendant

23  further admits that Plaintiffs partially quote an article by Jon Jacobi on PC World, which states, in part,

24  that RAID was created to "combine multiple, less-expensive drives into a single, higher-capacity and/or

25  faster volume" and to "facilitate redundancy." Except as expressly admitted, Defendant denies the

26  allegations in paragraph 38.

27      39. Defendant admits the allegations in the first sentence of paragraph 39. Defendant further

28  admits that Plaintiffs partially quote an article by Jon Jacobi on PC World, which states, in part: "RAID

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                   5                              Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

0 distributes data across multiple drives (for example, block A goes to and from drive 1, block B goes to and from drive 2), which permits increased write and read speeds." Additionally, Defendant admits that Plaintiffs partially quote an article by Anirban Das on the Boolean World website, which states, in part: "[W]hen the system wants to read that data, it can do so simultaneously from all the disks and join them together to reconstruct the entire data stream." Except as expressly admitted, Defendant denies the allegations in paragraph 39.

40. Defendant admits that Plaintiffs partially quote an article by Anirban Das on the Boolean World website, which states, in part: "RAID 1 uses the concept of data mirroring. Data is mirrored or cloned to an identical set of disks so that if one of the disks fails, the other one can be used. It also improves read performance since different blocks of data can be accessed from all the disks simultaneously." Defendant admits the allegations in the third and fourth sentences of paragraph 40. Except as expressly admitted, Defendant denies the allegations in paragraph 40.

41. Defendant admits that Plaintiffs partially quote an article by Nathaniel Cooper on promax.com, which states, in part, that RAID 5 combines "the speeds of RAID 0 and data protection of RAID 1 into one configuration and is by far the most commonly used RAID level." Defendant further admits that Plaintiffs partially quote an article by Jon Jacobi on PC World, which states, in part: "RAID 5 writes data to and reads from multiple disks, and it distributes parity data across all the disks in the array. Parity data is a smaller amount of data derived mathematically from a larger set that can accurately describe that larger amount of data, and thus serves to restore it. Since parity information is distributed across all the drives, any drive can fail without causing the entire array to fail." Except as expressly admitted, Defendant denies the allegations in paragraph 41.

42. Defendant admits that hard drives designed and built for NAS and RAID should meet certain criteria. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 42.

43. Defendant admits the allegations in the first sentence of paragraph 43. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 43 and on that basis denies them.

44. Defendant admits that hard drives designed and built for NAS and RAID should meet certain criteria. Except as expressly admitted, Defendant denies the allegation in paragraph 44.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                      6                          Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1   45. Defendant admits the allegations in the first and second sentences of paragraph 45. Defendant

2   denies the allegations in the third sentence of paragraph 45.

3   46. Defendant admits that, in certain circumstances, drive-managed SMR drives may show slightly

4   longer RAID rebuild times, depending on the condition of the drive and extent of rebuild required.

5   Defendant lacks information sufficient to admit or deny the allegations in the first sentence of paragraph

6   46 and on that basis denies them. Except as expressly admitted, Defendant denies the allegations in

7   paragraph 46.

8   ## II.   WESTERN DIGITAL'S FRAUDULENT REPRESENTATIONS AND OMISSIONS

9   ### A.   Western Digital Allegedly Begins Secretly Manufacturing the WD Red NAS
           Drives with SMR Technology
10

11   47. Defendant admits the allegations in paragraph 47.

12   48. Defendant admits the allegations in paragraph 48.

13   49. Defendant admits the allegations in paragraph 49.

14   50. Defendant admits that Plaintiff's purport to quote certain advertising allegedly promulgated by

15   Defendant. That advertising is the best evidence of its contents.  Except as expressly admitted and

16   averred herein, Defendant denies each of the remaining allegations in paragraph 50, and in particular

17   denies any conclusion that any of its advertising has been false.

18   51. Defendant admits the allegations in paragraph 51.

19   52. Defendant admits the allegations in paragraph 52.

20   53. Defendant admits that, since in or about 2018, it has utilized Drive-Managed SMR technology

21   in certain of its WD Red NAS hard drives, which previously used Conventional Magnetic Recording

22   ("CMR") technology. Defendant denies any other allegations in paragraph 53.

23   54. Defendant admits that SMR technology enables the drive to store more data on a given-size

24   platter.  Except as expressly admitted, Defendant denies any other allegations in paragraph 54.

25   55. Defendant admits that it has advertised and continues to advertise its WD Red NAS hard drives

26   as intended and appropriate for NAS and RAID. Except as expressly admitted, Defendant denies any

27   other allegations in paragraph 55, and in particular denies any conclusion that any of its advertising has

28   been false.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    56. Defendant denies the allegations in paragraph 56.

2    57. Defendant denies the allegations in paragraph 57.

3    58. Defendant denies the allegations in paragraph 58.

4    59. Defendant lacks information sufficient to admit or deny the allegations in the first sentence of

5    paragraph 59 and on that basis denies them. Defendant admits that the specifications for the EFAX

6    drives stated, accurately, that, compared to the EFRX drives, they had a faster "interface transfer rate"

7    (180 MB/s versus as low as 147 MB/s), and four times as much DRAM cache (256MB versus 64MB).

8    Defendant admits that, prior to May2020, the product data sheets for the WD Red NAS hard drives

9    with EFAX SKU numbers did not indicate the incorporation of SMR technology.

10    60. Defendant denies the allegations in paragraph 60.

11    61. Defendant admits that Plaintiffs partially quote from posts made by an alleged WD Red NAS

12    purchaser on a Synology forum page, which state, in part: "Western Digital support has gotten back to

13    me. They have advised me that they are not provided that information so they are unable to tell me if

14    the drive is SMR or PMR. LOL. He said that my question would have to be escalated to a higher team

15    to see if they can obtain that info for me."  Defendant further admits that that the alleged WD Red

16    NAS purchaser also stated, in part, on the Synology forum page: "[T]he higher team contacted me back

17    and informed me that the information I requested about whether or not the WD60EFAX was a SMR

18    or PMR would not be provided to me. They said that information is not disclosed to consumers. LOL.

19    WOW."  Except as expressly admitted, Defendant denies the allegations in paragraph 61.

20    62. Defendant denies the allegations in paragraph 62.

21    63. Defendant admits that Plaintiffs partially quote an Ars Technica article by Jim Salter, which in

22    turn partially quotes an email allegedly sent by Yemi Elegunde, an enterprise and channel sales manager

23    for Western Digital UK, to a customer.  Defendant admits that the Ars Technica article includes the

24    following partial quote from the Elegunde email: "The only SMR drive that Western Digital will have

25    in production is our 20TB hard enterprise hard drives and even these will not be rolled out into the

26    channel.  All of our current range of hard drives are based on CMR Conventional Magnetic Recording."

27    Except as expressly admitted, Defendant denies all allegations in paragraph 63.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**B.      Western Digital Is Allegedly Forced to Come Clean About Its Alleged
            Fraudulent Representations and Omissions**

64.  Defendant lacks information sufficient to admit or deny the allegations in paragraph 64 and on that basis denies them.

65.  Defendant admits that Plaintiffs partially quote online comments submitted by anonymous commenters associated with an Ars Technica article written by Jim Salter, which state, in part: "[W]hen I was moving data from one drive to another, several terabytes worth, it literally took most of a week. The drive would fill 30GB, then stop and basically lock up the OS." Except as expressly admitted, Defendant denies all allegations in paragraph 65.

66.  Defendant admits that Plaintiffs partially quote online comments submitted by anonymous commenters associated with a Blocks & Files article written by Chris Mellor, which state, in part: "[T]he latest iteration of WD REDS [are] unable to be used for rebuilding RAID or RAIDZ sets: They rebuild for a while (1-2 hours), then throw errors and get kicked out of the set."  Except as expressly admitted, Defendant denies all allegations in paragraph 66.

67.  Defendant admits that Plaintiffs paraphrase a post by an alleged WD Red NAS purchaser, which was made on a Synology forum page. Except as expressly admitted, Defendant lacks information sufficient to admit or deny the allegations in paragraph 67 and on that basis denies them.

68.  Defendant lacks information sufficient to admit or deny the allegations in the first sentence of paragraph 68 and on that basis denies them. Defendant admits that Plaintiffs partially quote a post by an anonymous commenter on Reddit, which states, in part: "Attempting to replace drives in my existing array resulted in new WD-RED WD40EFAX drives (multiple units) throwing HARD errors (IDNF - Sector ID not found) and being kicked out of the array.  That's apart from them pausing for 30-180 seconds at a time occasionally whilst they rebuild their internals, or the painfully slow random-write speeds when you throw more than about 2GB at a time at them." Except as expressly admitted, Defendant denies all allegations in paragraph 68.

69.  Defendant admits that Plaintiffs partially quote a post by an anonymous commenter on Reddit, which states, in part: "I got recently bit by WD40EFAX … When I tried to replace one of the failed WD Red disk in my vdev I started getting bunch of errors… I replaced that with WD purple and haven't

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

had any problems so far." Except as expressly admitted, Defendant denies all allegations in paragraph 69.

70. Defendant lacks information sufficient to admit or deny the allegations in paragraph 70 and on that basis denies them.

71. Defendant denies the allegations in paragraph 71.

72. Defendant lacks information sufficient to admit or deny the allegations in paragraph 72 and on that basis denies them.

73. Defendant lacks information sufficient to admit or deny the allegations in paragraph 73 and on that basis denies them.

74. Defendant admits that Plaintiffs partially quote a Blocks & Files article written by Chris Mellor, which states, in part: "Alan Brown, a network manager at UCL Mullard Space Science laboratory, the UK's largest university-based space research group, told us about his problems adding a new WD Red NAS drive to a RAID array at his home. Although it was sold as a RAID drive, the device 'keep[s] getting kicked out of RAID arrays due to errors during resilvering,' he said." Additionally, Defendant admits that the article further quotes Mr. Brown as stating that resilvering had "been a hot-button issue in the datahoarder Reddit for over a year. People are getting pretty peeved by it because SMR drives have ROTTEN performance for random write usage." Except as expressly admitted, Defendant denies all allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant admits that Plaintiffs partially quote a Blocks & Files article written by Chris Mellor, which in turn partially quotes the following statement made by a Western Digital spokesperson: "All our WD Red drives are designed meet or exceed the performance requirements and specifications for common small business/home NAS workloads. We work closely with major NAS providers to ensure WD Red HDDs (and SSDs) at all capacities have broad compatibility with host systems. Currently, Western Digital's WD Red 2TB-6TB drives are device-managed SMR (DMSMR). WD Red 8TB-14TB drives are CMR-based . . . We strive to make the experience for our NAS customers seamless, and recording technology typically does not impact small business/home NAS-based use cases. In device-managed SMR HDDs, the drive does its internal data management during idle times. In a typical small

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

business/home NAS environment, workloads tend to be bursty in nature, leaving sufficient idle time for garbage collection and other maintenance operations. In our testing of WD Red drives, we have not found RAID rebuild issues due to SMR technology. We would be happy to work with customers on experiences they may have, but would need further, detailed information for each individual situation." Except as expressly admitted, Defendant denies all allegations in paragraph 76.

77.  Defendant admits that, in a post dated April 20, 2020, Western Digital explained that certain of the WD Red NAS hard drives used innovative SMR technology. Except as expressly admitted, Defendant denies the allegations in paragraph 77.

78.  Defendant denies the allegations in paragraph 78 and instead avers that Western Digital released the chart showing which WD Red NAS drives use SMR technology on April 22, 2020.

### C.   Consumers Are Allegedly Harmed by Western Digital's Alleged Fraudulent Representations and Omissions

79.  Defendant admits that Plaintiffs partially quote posts made by anonymous commenters on Reddit and admit that the quoted language appears on Reddit.  Except as expressly admitted, Defendant denies the allegations in paragraph 79.

80.  Defendant denies the allegations in paragraph 80.

81.  Defendant denies the allegations in paragraph 81.

82.  Defendant admits that Plaintiffs purport to reference and paraphrase testing allegedly conducted by Serve The Home. Except as expressly admitted, Defendant denies the allegations in paragraph 82.

83.  Defendant denies the allegations in paragraph 83.

84.  Defendant admits that Plaintiffs partially quote an Ars Technica article written by Jim Salter, which states, in part, that "for a desktop user, someone who wants things to happen when they click buttons and drag things around, the Red can occasionally provide a truly frustrating experience during what should be a very, very easy workload, even for a conventional drive." Except as expressly admitted, Defendant denies the allegations in paragraph 84.

85.  Defendant denies the allegations in the first sentence of paragraph 85.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     86. Defendant admits that three NAS device manufacturers (Synology, Inc., iXsystems and Drobo,

2     Inc.) do not currently include WD Red NAS drives with SMR technology on their hardware

3     compatibility lists.  Defendant admits that Plaintiffs partially quote a post made by Western Digital on

4     its company blog on April 20, 2020, as well as statements made on Western Digital's product datasheets

5     for its WD Red NAS hard drives.  Defendant admits that the quoted language in paragraph 86 is present

6     in the April 20, 2020 blog post and/or the WD Red NAS product datasheets. To the extent not

7     expressly admitted or denied, Defendant denies the remaining allegations in paragraph 86.

8     87. Defendant admits that prior to incorporating SMR technology Western Digital had utilized

9     CMR technology in its WD Red NAS drives.  Defendant further admits that three NAS device

10    manufacturers (Synology, Inc., iXsystems and Drobo, Inc.) do not currently include WD Red NAS

11    drives with SMR technology on their hardware compatibility lists.  Except as expressly admitted,

12    Defendant denies the allegations in paragraph 87.

13    88. Defendant admits that the WD Red NAS drives that utilize SMR technology (e.g., those with

14    the EFAX SKU numbers) were initially priced approximately the same as the WD Red NAS drives had

15    been priced when they used CMR technology (e.g., those with the EFRX SKU numbers). Except as

16    expressly admitted, Defendant denies the allegations in paragraph 88.

17           **D.     Western Digital's Continued Alleged Bad Conduct**

18    89. Defendant denies the allegations in paragraph 89.

19    90. Defendant admits that Plaintiffs partially quote a Western Digital blog post dated April 20, 2020,

20    which states, in part: "The data intensity of typical small business/home NAS workloads is intermittent,

21    leaving sufficient idle time for DMSMR drives to perform background data management tasks as needed

22    and continue an optimal performance experience for users." Defendant further admits that Plaintiffs

23    partially quote Blocks & Files article written by Chris Mellor, which states, in part, that "recording

24    technology typically does not impact small business/home NAS-based use cases.  In device-managed

25    SMR HDDs, the drive does its internal data management during idle times.  In a typical small

26    business/home NAS environment, workloads tend to be bursty in nature, leaving sufficient idle time

27    for garbage collection and other maintenance operations."  Except as expressly admitted, Defendant

28    denies the allegations in paragraph 90.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                    12                          Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

91. Defendant denies the allegations in paragraph 91.

92. Defendant admits that Plaintiffs partially quote a blog post that was once available on Western Digital's website, which stated, in part: "Due to the wide range of performance variability and unpredictability, The Drive Managed zone model is considered impractical and unacceptable for enterprise-class deployments."  Defendant further admits that the blog post also stated that Drive Managed disks are suitable for, among other applications, "client PC use and external backup HDDs in the client space."  Except as expressly admitted, Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in the first sentence of paragraph 93. Defendant admits the remaining allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant lacks information sufficient to admit or deny the allegations in the first sentence of paragraph 97 and on that basis denies them. Defendant admits the allegations in the second sentence of paragraph 97.  Defendant denies the allegations in the third sentences of paragraph 97.

98. Defendant lacks information sufficient to admit or deny the allegations in the last sentence of paragraph 98 and on that basis denies them. Defendant denies the remaining allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### PLAINTIFF NICHOLAS MALONE

100.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 100 and on that basis denies them.

101.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 101 and on that basis denies them.

102.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 102 and on that basis denies them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

103.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 103 and on that basis denies them.

104.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 104 and on that basis denies them.

105.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 105 and on that basis denies them.

106.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 106 and on that basis denies them.

107.    Defendant admits that the SKU for the WD Red NAS 6TB hard drives was WD60EFAX. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 107 and on that basis denies them.

108.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 108 and on that basis denies them.

109.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 109 and on that basis denies them.

110.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 110 and on that basis denies them.

111.    Defendant lacks information sufficient to admit or deny the allegations in paragraph 111 and on that basis denies them.

112.    Defendant denies the allegation in the first sentence of paragraph 112.  Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 112 and on that basis denies them.

113.    Defendant admits that, in certain specific configurations and circumstances, rebuild times for RAID systems incorporating SMR drives may be longer than for those with exclusively CMR drives, while, in other specific configurations and circumstances, rebuild times for RAID systems incorporating SMR drives may be shorter than for those with exclusively CMR drives. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 113 and on that basis denies them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                14                        Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1    114.    Defendant denies the allegations in the first sentence of paragraph 114.  Defendant

2  further denies any allegation that WD Red NAS hard drives are by nature not appropriate for use in

3  NAS and RAID applications. Defendant lacks information sufficient to admit or deny the remaining

4  allegations in paragraph 114 and on that basis denies them.

5    115.    Defendant denies the allegations in paragraph 115.

6    116.    This paragraph consists of a legal contention to which no response is required. To the

7  extent that any response may be required, Defendant denies all allegations in paragraph 116.

8    117.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

9  117 and on that basis denies them.

10    118.    Defendant denies the allegations in paragraph 118.

11    119.    Defendant denies the allegations in paragraph 119.

12  **PLAINTIFF CHRIS AYERS**

13    120.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

14  120 and on that basis denies them.

15    121.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

16  121 and on that basis denies them.

17    122.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

18  122 and on that basis denies them.

19    123.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

20  123 and on that basis denies them.

21    124.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

22  124 and on that basis denies them.

23    125.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

24  125 and on that basis denies them.

25    126.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

26  126 and on that basis denies them

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                          15                          Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

127.     Defendant admits that the SKU for the WD Red NAS 6TB was WD60EFAX. Defendant lacks information sufficient to admit or deny the remaining allegations of paragraph 127 and on that basis denies them.

128.     Defendant admits that the SKU for the WD Red NAS 6TB was WD60EFAX. Defendant lacks information sufficient to admit or deny the remaining allegations of paragraph 128 and on that basis denies them.

129.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 129 and on that basis denies them.

130.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 130 and on that basis denies them.

131.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 131 and on that basis denies them.

132.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 132 and on that basis denies them.

133.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 133 and on that basis denies them.

134.     Defendant denies the allegations in the first and third sentences of paragraph 134. Defendant lacks information sufficient to admit or deny the allegations in the second and fourth sentences of paragraph 134 and on that basis denies them.

135.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 135 and on that basis denies them.

136.     Defendant denies the allegations in the first sentence of paragraph 136.  Defendant further denies any allegation that WD Red NAS hard drives are by nature not appropriate for use in NAS and RAID applications.  Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 136 and on that basis denies them.

137.     Defendant denies the allegations in paragraph 137.

138.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 138 and on that basis denies them

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                         16                          Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1    139.    Defendant denies the allegations in paragraph 139.

2    **PLAINTIFF JAMES BACKUS**

3    140.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
4    140 and on that basis denies them.

5    141.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
6    141 and on that basis denies them.

7    142.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
8    142 and on that basis denies them.

9    143.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
10   143 and on that basis denies them.

11   144.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
12   144 and on that basis denies them.

13   145.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
14   145 and on that basis denies them.

15   146.    Defendant admits that the SKU for the WD Red NAS 4TB was WD40EFAX.
16   Defendant lacks information sufficient to admit or deny the remaining allegations of paragraph 146 and
17   on that basis denies them.

18   147.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
19   147.

20   148.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
21   148.

22   149.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
23   149.

24   150.    Defendant admits that the SKU for the WD Red NAS 4TB was WD40EFAX.
25   Defendant lacks information sufficient to admit or deny the remaining allegations of paragraph 150 and
26   on that basis denies them.

27   151.    Defendant lacks information sufficient to admit or deny the allegations in paragraph
28   151 and on that basis denies them.



152. Defendant lacks information sufficient to admit or deny the allegations in paragraph 152 and on that basis denies them.

153. Defendant lacks information sufficient to admit or deny the allegations in paragraph 153 and on that basis denies them.

154. Defendant lacks information sufficient to admit or deny the allegations in paragraph 154 and on that basis denies them.

155. Defendant lacks information sufficient to admit or deny the allegations in paragraph 155 and on that basis denies them.

156. Defendant admits that Western Digital's blog explained in posts dated April 20, 2020 and April 22, 2020 that certain of the WD Red NAS hard drives used innovative SMR technology, including those with SKUs WD20EFAX, WD30EFAX, WD40EFAX, and WD60EFAX. Defendant admits that WD Red NAS hard drives with the SKUs WD40EFAX and WD60EFAX are not included on Synology's current products compatibility list. To the extent not otherwise admitted, Defendant lacks information sufficient to admit or deny the allegations in paragraph 156 and on that basis denies them.

157. Defendant lacks information sufficient to admit or deny the allegations in the second sentence of paragraph 157 and on that basis denies them. Defendant denies the remaining allegations in paragraph 157.

158. Defendant lacks information sufficient to admit or deny the allegations in paragraph 158 and on that basis denies them.

159. Defendant lacks information sufficient to admit or deny the allegations in paragraph 159 and on that basis denies them.

160. Defendant denies the allegations in the first sentence of paragraph 160. Defendant admits that WD Red NAS hard drives were intended and appropriate for NAS and RAID. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 160 and on that basis denies them.

161. Defendant denies the allegations in paragraph 161.

Defendant Western Digital Corporation's Answer to the Second Amended Complaint

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    162.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

2   162 and on that basis denies them.

3    163.    Defendant denies the allegations in paragraph 163.

4   **PLAINTIFF BRIAN CONWAY**

5    164.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

6   164 and on that basis denies them.

7    165.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

8   165 and on that basis denies them.

9    166.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

10   166 and on that basis denies them.

11    167.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

12   167 and on that basis denies them.

13    168.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

14   168 and on that basis denies them.

15    169.    Defendants admits that in or around April 2020 someone purporting to be Conway

16   contacted WDC and received am RMA for a WD60EFRX drive which was still within its three-year

17   warranty period and that someone shipped the drive to WDC for replacement. Defendant lacks

18   information sufficient to admit or deny the remaining allegations of paragraph 169 and on that basis

19   denies them.

20    170.    Defendant admits the allegations of paragraph 170.

21    171.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

22   171 and on that basis denies them.

23    172.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

24   172 and on that basis denies them.

25    173.    Defendant admits that the WD Red NAS hard drive with SKU number WD60EFAX

26   utilizes SMR technology. Defendant lacks information sufficient to admit or deny the remaining

27   allegations in paragraph 173 and on that basis denies them.

28    174.    Defendant denies the allegations in paragraph 174.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                    19                          Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1  175.     Defendant denies the allegations in paragraph 175.

2  176.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

3  176 and on that basis denies them.

4  177.     Defendant denies the allegations in paragraph 177.

5  **PLAINTIFF DAVID EATON**

6  178.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

7  178 and on that basis denies them.

8  179.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

9  179 and on that basis denies them.

10  180.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

11  180 and on that basis denies them.

12  181.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

13  181 and on that basis denies them.

14  182.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

15  182 and on that basis denies them.

16  183.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

17  183 and on that basis denies them.

18  184.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

19  184 and on that basis denies them.

20  185.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

21  185 and on that basis denies them.

22  186.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

23  186 and on that basis denies them.

24  187.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

25  187 and on that basis denies them.

26  188.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

27  188 and on that basis denies them.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                          20                    Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1     189.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 189 and on that basis denies them.

190.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 190 and on that basis denies them.

191.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 191 and on that basis denies them.

192.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 192 and on that basis denies them.

193.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 193 and on that basis denies them.

194.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 194 and on that basis denies them.

195.     Defendant admits that Western Digital's blog explained in posts dated April 20, 2020 and April 22, 2020 that certain of the WD Red NAS hard drives used innovative SMR technology, including those with SKUs WD20EFAX, WD30EFAX, WD40EFAX, and WD60EFAX. Defendant admits that WD Red NAS hard drives with the SKUs WD60EFAX are not included on Synology's current products compatibility list. To the extent not otherwise admitted, Defendant lacks information sufficient to admit or deny the allegations in paragraph 195 and on that basis denies them.

196.     Defendant lacks information sufficient to admit or deny the allegations in the second sentence of paragraph 196 and on that basis denies them. Defendant denies the remaining allegations in paragraph 196.

197.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 197 and on that basis denies them.

198.     Defendant denies the allegations in the first sentence of paragraph 198.  Defendant further denies any allegation that WD Red NAS hard drives are by nature not appropriate for use in NAS and RAID applications.  Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 198 and on that basis denies them.

199.     Defendant denies the allegations in paragraph 199.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                   21            Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1   200.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

2   200 and on that basis denies them.

3   201.     Defendant denies the allegations in paragraph 201.

4   **PLAINTIFF STEVEN GRAVEL**

5   202.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

6   202 and on that basis denies them.

7   203.     Defendant admits that the SKU for the WD Red NAS 4TB that utilized CMR

8   technology was WD40EFRX. Defendant lacks information sufficient to admit or deny the remaining

9   allegations in paragraph 203 and on that basis denies them.

10   204.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

11   204 and on that basis denies them.

12   205.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

13   205 and on that basis denies them.

14   206.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

15   206 and on that basis denies them.

16   207.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

17   207 and on that basis denies them.

18   208.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

19   208 and on that basis denies them.

20   209.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

21   209 and on that basis denies them.

22   210.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

23   209 and on that basis denies them.

24   211.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

25   211.

26   212.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

27   212.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

213.     Defendant admits that the SKU for the WD Red NAS 6TB is WD60EFAX. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 213.

214.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 214.

215.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 215.

216.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 216.

217.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 217.

218.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 218.

219.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 219.

220.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 220.

221.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 221 and on that basis denies them.

222.     Defendant denies the allegation in the first sentence of paragraph 222.  Defendant further denies any allegation that WD Red NAS hard drives are by nature not appropriate for use in NAS and RAID applications. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 222 and on that basis denies them.

223.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 223 and on that basis denies them.

224.     Defendant denies the allegations in the first sentence of paragraph 224.  Defendant further denies any allegation that WD Red NAS hard drives are by nature not appropriate for use in NAS and RAID applications.  Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 224 and on that basis denies them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4     23     Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1    225.    Defendant denies the allegations in paragraph 225.

2    226.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

3    226 and on that basis denies them.

4    227.    Defendant denies the allegations in paragraph 227.

5    **PLAINTIFF JAMES RAAYMAKERS**

6    228.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

7    228 and on that basis denies them.

8    229.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

9    229 and on that basis denies them.

10   230.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

11   230 and on that basis denies them.

12   231.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

13   231 and on that basis denies them.

14   232.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

15   232 and on that basis denies them.

16   233.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

17   233 and on that basis denies them.

18   234.    Defendant admits that the SKU for the WD Red NAS 6TB is WD60EFAX. Defendant

19   lacks information sufficient to admit or deny the remaining allegations in paragraph 234.

20   235.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

21   235 and on that basis denies them.

22   236.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

23   236 and on that basis denies them.

24   237.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

25   237 and on that basis denies them.

26   238.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

27   238 and on that basis denies them.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                    24                    Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1       239.     Defendant denies the allegation in paragraph 239. Defendant particularly denies any

2  allegation that WD Red NAS hard drives are by nature not appropriate for use in NAS and RAID

3  applications.

4       240.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

5  240 and on that basis denies them.

6       241.     Defendant denies the allegations in the first sentence of paragraph 241.  Defendant

7  further denies any allegation that WD Red NAS hard drives are by nature not appropriate for use in

8  NAS and RAID applications.  Defendant lacks information sufficient to admit or deny the remaining

9  allegations in paragraph 241 and on that basis denies them.

10       242.     Defendant denies the allegations in paragraph 242.

11       243.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

12  243 and on that basis denies them.

13       244.     Defendant denies the allegations in paragraph 244.

14  **PLAINTIFF TOD WEITZEL**

15       245.     There is no paragraph 245. (That number was erroneously applied to the section header.)

16       246.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

17  246 and on that basis denies them.

18       247.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

19  247 and on that basis denies them.

20       248.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

21  248 and on that basis denies them.

22       249.     Defendant admits that WD Red NAS hard drives with SKUs WD40ERFX and

23  WD30EFRX utilized CMR technology. Defendant lacks information sufficient to admit or deny the

24  remaining allegations in paragraph 249 and on that basis denies them.

25       250.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

26  250 and on that basis denies them.

27       251.     Defendant lacks information sufficient to admit or deny the allegations in paragraph

28  251 and on that basis denies them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4         25         Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

252.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 252 and on that basis denies them.

253.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 253 and on that basis denies them.

254.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 254 and on that basis denies them.

255.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 255 and on that basis denies them.

256.     Defendant admits that the SKU for the WD Red NAS 4TB is WD40EFAX. Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 256.

257.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 257 and on that basis denies them.

258.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 258 and on that basis denies them.

259.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 259 and on that basis denies them.

260.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 260 and on that basis denies them.

261.     Defendant admits that Plaintiffs partially quote from an article posted on Ars Technica, which states, in part: "Seagate only produces NAS drives that are CMR.  We do not have any SMR drives in our IronWolf and IronWolf Pro drives, which are NAS solutions…[W]e don't recommend SMR for NAS." Defendant lacks information sufficient to admit or deny the remaining allegations in paragraph 261 and on that basis denies them.

262.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 262 and on that basis denies them.

263.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 263 and on that basis denies them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    264.    Defendant admits that Western Digital's blog explained in posts dated April 20, 2020

2    and April 22, 2020 that certain of the WD Red NAS hard drives used innovative SMR technology,

3    including those with SKUs WD20EFAX, WD30EFAX, WD40EFAX, and WD60EFAX. To the extent

4    not otherwise admitted, Defendant lacks information sufficient to admit or deny the allegations in

5    paragraph 264 and on that basis denies them.

6    265.    Defendant lacks information sufficient to admit or deny the allegations in the second

7    sentence of paragraph 265 and on that basis denies them. Defendant denies the remaining allegations

8    in paragraph 265.

9    266.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

10   266 and on that basis denies them.

11   267.    Defendant denies the allegations in the first sentence of paragraph 267.  Defendant

12   admits that WD Red NAS hard drives were intended and appropriate for NAS and RAID.  Defendant

13   lacks information sufficient to admit or deny the remaining allegations in paragraph 267 and on that

14   basis denies them.

15   268.    Defendant denies the allegations in paragraph 268.

16   269.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

17   269 and on that basis denies them.

18   270.    Defendant denies the allegations in paragraph 270.

19                           **CLASS ACTION ALLEGATIONS**

20   271.    Defendant admits that Plaintiffs purport to bring this action as a class action. Defendant

21   denies that this action may be properly maintained as a class action.

22   272.    Defendant admits that Plaintiffs seek to represent a nationwide class. Defendant denies

23   that this action may be properly maintained as a class action.

24   273.    Defendant admits that Plaintiffs James Raaymakers and Tod Weitzel seek to represent

25   a subclass of purported class members who purchased or received a replacement WD Red NAS Drive

26   in the State of California. Defendant denies that this action may be properly maintained as a class action

27   or that a California subclass is proper.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

274.     Defendant admits that Plaintiff Chris Ayers seeks to represent a subclass of purported class members who purchased or received a replacement WD Red NAS Drive in the State of Florida. Defendant denies that this action may be properly maintained as a class action or that a Florida subclass is proper.

275.     Defendant admits that Plaintiff Brian Conway seeks to represent a subclass of purported class members who purchased or received a replacement WD Red NAS Drive in the State of Massachusetts. Defendant denies that this action may be properly maintained as a class action or that a Massachusetts subclass is proper.

276.     Defendant admits that Plaintiff David Eaton seeks to represent a subclass of purported class members who purchased or received a replacement WD Red NAS Drive in the State of Missouri. Defendant denies that this action may be properly maintained as a class action or that a Missouri subclass is proper.

277.     Defendant admits that Plaintiff Steven Gravel seeks to represent a subclass of purported class members who purchased or received a replacement WD Red NAS Drive in the State of New York. Defendant denies that this action may be properly maintained as a class action or that a New York subclass is proper.

278.     Defendant admits that Plaintiff James Backus seeks to represent a subclass of purported class members who purchased or received a replacement WD Red NAS Drive in the State of Virginia. Defendant denies that this action may be properly maintained as a class action or that a Virginia subclass is proper.

279.     Defendant admits that Plaintiff Nicholas Malone seeks to represent a subclass of purported class members who purchased or received a replacement WD Red NAS Drive in the State of Wisconsin. Defendant denies that this action may be properly maintained as a class action or that a Wisconsin subclass is proper.

280.     Defendant admits that Plaintiffs refer to the purported nationwide class and various purported classes, collectively, as the "Classes."

281.     Defendant admits that Plaintiffs excludes the following from the definition of "Classes": Defendant; any entity in which a Defendant has a controlling interest or which has a controlling interest

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  in Defendant; Defendant's agents and employees and attorneys; the bench officers to whom this civil

2  action is assigned; and the members of each bench officer's staff and immediate family.

3      282.      Defendant denies that the members the purported nationwide class and purported

4  subclasses are so numerous that joinder of all members would be impracticable. Defendant lacks

5  information sufficient to admit or deny the remaining allegations in paragraph 282 and on that basis

6  denies them.

7      283.      Defendant denies the allegations in paragraph 283.

8      284.      Defendant denies the allegations in paragraph 284.

9      285.      Defendant denies the allegations in paragraph 285.

10     286.      Defendant denies the allegations in paragraph 286.

11     287.      Defendant denies the allegations in paragraph 287.

12     288.      Defendant denies the allegations in paragraph 288.

13     289.      Defendant denies the allegations in paragraph 289.

14     290.      Defendant denies the allegation in paragraph 290.

### CAUSES OF ACTION

### COUNT I
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750 *et seq.***

18     291.      Defendant incorporates each and every response set forth above as if fully set forth

19  herein.

20     292.      This paragraph consists of a legal contention to which no response is required. To the

21  extent that any response may be required, Defendant lacks sufficient information to admit or deny the

22  allegations in paragraph 292 and on that basis denies them, and, in particular denies that this action can

23  properly be maintained as a class action.

24     293.      This paragraph consists of a legal contention to which no response is required. To the

25  extent that any response may be required, Defendant lacks sufficient information to admit or deny the

26  allegations in paragraph 293 and on that basis denies them.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    294.    This paragraph consists of a legal contention to which no response is required. To the

2 extent that any response may be required, Defendant lacks sufficient information to admit or deny the

3 allegations in paragraph 294 and on that basis denies them.

4    295.    This paragraph consists of a legal contention to which no response is required. To the

5 extent that any response may be required, Defendant lacks sufficient information to admit or deny the

6 allegations in paragraph 295 and on that basis denies them.

7    296.    This paragraph consists of a legal contention to which no response is required. To the

8 extent that any response may be required, Defendant lacks sufficient information to admit or deny the

9 allegations in paragraph 296 and on that basis denies them.

10    297.    Defendant denies the allegations in paragraph 297.

11    298.    This paragraph consists of a legal contention to which no response is required. To the

12 extent that any response may be required, Defendant lacks sufficient information to admit or deny the

13 allegations in paragraph 298 and on that basis denies them. Defendant does not, however, contest venue

14 at this time.

15    299.    Defendant denies the allegations in paragraph 299.

16    300.    Defendant denies the allegations in paragraph 300.

17    301.    Defendant denies the allegations in paragraph 301.

18    302.    Defendant denies the allegations in paragraph 302.

19    303.    Defendant denies the allegations in paragraph 303.

20    304.    Defendant denies the allegations in paragraph 304.

21    305.    Defendant admits that Plaintiffs and the various purported classes seek injunctive relief.

22 To the extent not otherwise admitted, Defendant denies the allegations in paragraph 305.

23    306.    The final sentence of paragraph 306 is a legal contention to which no response is

24 required. To the extent that any response may be required, Defendant denies all allegations in that

25 sentence.  Defendant denies the remaining allegations in paragraph 306.

26    307.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

27 307 and on that basis denies them.

28    308.    Defendant denies the allegations in paragraph 308.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4          30          Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1    309.    Defendant denies the allegations in paragraph 309.

2    310.    Paragraph 310 consists of assertions, assumptions, legal conclusions, and broad

3    generalizations as to which no response is required. To the extent a response is required, Defendant

4    denies all allegations in this paragraph.

5    311.    Defendant denies the allegations in paragraph 311.

6    312.    Defendant admits that on or about June 16, 2020, counsel for plaintiffs sent a letter

7    titled "Notice of Unlawful Conduct, and Demand for Rectification" which is the best evidence of its

8    contents.  Except as expressly admitted and averred herein, WD denies each of the remaining allegations

9    in paragraph 312.

10    313.    Paragraph 313 consists of assertions, assumptions, legal conclusions, and broad

11    generalizations as to which no response is required. To the extent a response is required, Defendant

12    denies all allegations in this paragraph.

13                              **COUNT II**
                  **Violation of California's False Advertising Law**
14         **California Business and Professions Code § 17500 *et seq.***

15    314.    Defendant incorporates each and every response set forth above as if fully set forth

16    herein.

17    315.    This paragraph consists of a legal contention to which no response is required. To the

18    extent that any response may be required, Defendant lacks sufficient information to admit or deny the

19    allegations in paragraph 315 and on that basis denies them, and, in particular denies that this action can

20    properly be maintained as a class action.

21    316.    Defendant denies the allegations in paragraph 316.

22    317.    Defendant denies the allegations in paragraph 317.

23    318.    Defendant denies the allegations in paragraph 318.

24    319.    Defendant denies the allegations in paragraph 319.

25    320.    Defendant denies the allegations in paragraph 320.

26    321.    Defendant denies the allegations in paragraph 321.

27    322.    Defendant denies the allegations in paragraph 322.

28    323.    Defendant denies the allegations in paragraph 323.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     324.       Defendant denies the allegations in paragraph 324.

2     325.       Defendant denies the allegations in paragraph 325.

3     326.       Defendant admits that Plaintiffs seek injunctive relief, restitution, and an award of

4 attorneys' fees and costs.  To the extent not otherwise admitted, Defendant denies the allegations in

5 paragraph 326.

6     327.       Paragraph 327 consists of assertions, assumptions, legal conclusions, and broad

7 generalizations as to which no response is required. To the extent a response is required, Defendant

8 denies all allegations in this paragraph, and, in particular denies that this action can properly be

9 maintained as a class action, or that Plaintiffs are entitled to any relief.

10     328.       Defendant denies the allegations in paragraph 328.

11     329.       Paragraph 329 consists of assertions, assumptions, legal conclusions, and broad

12 generalizations as to which no response is required. To the extent a response is required, Defendant

13 denies all allegations in this paragraph, and, in particular denies that Plaintiffs are entitled to any relief.

14     330.       Defendant denies the allegation in paragraph 330.

15

**COUNT III**
**Violation of California's Unfair Competition Law**
**California Business and Professions Code § 17200 *et seq.***

16

17     331.       Defendant incorporates each and every response set forth above as if fully set forth

18 herein.

19     332.       Paragraph 332 consists legal contentions to which no response is required. To the extent

20 a response is required, Defendant denies all allegations in this paragraph, and, in particular denies that

21 this action can properly be maintained as a class action.

22     333.       Defendant denies the allegations in paragraph 333.

23     334.       Defendant denies the allegations in paragraph 334.

24     335.       Defendant denies the allegations in paragraph 335.

25     336.       Defendant denies the allegations in paragraph 336.

26     337.       Defendant denies the allegations in paragraph 337.

27     338.       Defendant denies the allegations in paragraph 338.

28     339.       Defendant denies the allegations in paragraph 339.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4             32            Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1     340.     Defendant denies the allegations in paragraph 340.

2     341.     Defendant denies the allegations in paragraph 341.

3     342.     Defendant denies the allegations in paragraph 342.

4     343.     Defendant denies the allegations in paragraph 343.

5     344.     Defendant denies the allegations in paragraph 344.

6     345.     Paragraph 345 consists of assertions, assumptions, legal conclusions, and broad generalizations as to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph, and, in particular denies that this action can properly be maintained as a class action, or that Plaintiffs are entitled to any relief.

10    346.     Defendant denies the allegations in the first and second sentences of paragraph 346. The remainder of paragraph 346 consists of assertions, assumptions, legal conclusions, and broad generalizations as to which no response is required. To the extent a response is required, Defendant denies all such allegations, and, in particular denies that this action can properly be maintained as a class action, or that Plaintiffs are entitled to any relief.

15    347.     Defendant denies the allegations in paragraph 347.

16    348.     Defendant denies the allegations in paragraph 348.

17    349.     Paragraph 349 consists of assertions, assumptions, legal conclusions, and broad generalizations as to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph, and, in particular denies that Plaintiffs are entitled to any relief.

## COUNT IV
### Violation of the Florida Deceptive and Unfair Trade Practices Act
### Fla. Stat. §§ 501.201, *et seq.*

22    350.     Defendant incorporates each and every response set forth above as if fully set forth herein.

24    351.     This paragraph consists of a legal contention to which no response is required. To the extent that any response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 351 and on that basis denies them, and, in particular denies that this action can properly be maintained as a class action.

28    352.     Defendant denies the allegations in paragraph 352.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4       33      Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1    353.    Defendant denies the allegations in paragraph 353.

2    354.    Defendant denies the allegations in the first sentence of paragraph 354. Defendant lacks

3    information sufficient to admit or deny the remaining allegations in paragraph 354 and on that basis

4    denies them.

5    355.    Defendant denies the allegations in paragraph 355.

6    356.    Defendant denies the allegation in paragraph 356.

7                                    COUNT V
     Violation of the Massachusetts Unfair and Deceptive Business Practices Act
8                           Mass. Gen. Laws Ch. 93A, § 9

9    357.    Defendant incorporates each and every response set forth above as if fully set forth

10   herein.

11   358.    This paragraph consists of a legal contention to which no response is required. To the

12   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

13   allegations in paragraph 358 and on that basis denies them, and, in particular denies that this action can

14   properly be maintained as a class action.

15   359.    Paragraph 359 consists of legal contentions to which no response is required.

16   360.    Paragraph 360 consists of legal contentions to which no response is required.

17   361.    This paragraph consists of a legal contention to which no response is required. To the

18   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

19   allegations in paragraph 361 and on that basis denies them.

20   362.    Defendant denies the allegations in paragraph 362.

21   363.    Defendant denies the allegations in paragraph 363.

22   364.    Defendant denies the allegations in paragraph 364.

23   365.    Defendant denies the allegations in paragraph 365.

24   366.    Defendant denies the allegations in paragraph 366.

25   367.    Defendant denies the allegations in paragraph 367.

26   368.    Defendant denies the allegations in paragraph 368.

27   369.    Defendant denies the allegations in paragraph 369.

28   370.    Defendant denies the allegations in paragraph 370.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                                34                    Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

1    371.    Defendant admits that on or about June 16, 2020, counsel for plaintiffs sent a letter

2    titled "Notice of Unlawful Conduct, and Demand for Rectification" which is the best evidence of its

3    contents.  Except as expressly admitted and averred herein, WD denies each of the remaining allegations

4    in paragraph 371.

### COUNT VI
#### Violation of the Missouri Merchandising Practices Act
#### Mo. Rev. Stat. §§ 407.010, *et seq.*

7    372.    Defendant incorporates each and every response set forth above as if fully set forth

8    herein.

9    373.    This paragraph consists of a legal contention to which no response is required. To the

10   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

11   allegations in paragraph 373 and on that basis denies them, and, in particular denies that this action can

12   properly be maintained as a class action.

13   374.    This paragraph consists of a legal contention to which no response is required. To the

14   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

15   allegations in paragraph 374 and on that basis denies them.

16   375.    Defendant denies the allegations in paragraph 375.

17   376.    Defendant lacks information sufficient to admit or deny the allegations in paragraph

18   376 and on that basis denies them.

19   377.    Defendant denies the allegations in paragraph 377.

20   378.    Defendant denies the allegations in paragraph 378.

21   379.    Defendant denies the allegation in paragraph 379.

### COUNT VII
#### Violation of New York General Business Law § 349

24   380.    Defendant incorporates each and every response set forth above as if fully set forth

25   herein.

26   381.    This paragraph consists of a legal contention to which no response is required. To the

27   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   allegations in paragraph 381 and on that basis denies them, and, in particular denies that this action can
2   properly be maintained as a class action.

3   382.   Defendant denies the allegations in paragraph 382.

4   383.   Defendant denies the allegations in paragraph 383.

5   384.   Defendant denies the allegations in paragraph 384.

6   385.   Defendant denies the allegations in paragraph 385.

7   386.   Defendant denies the allegations in paragraph 386.

8   387.   Paragraph 387 consists of assertions, assumptions, legal conclusions, and broad
9   generalizations as to which no response is required. To the extent a response is required, Defendant
10   denies all allegations in this paragraph, and, in particular denies that this action can properly be
11   maintained as a class action, or that Plaintiffs are entitled to any relief.

12   ### COUNT VII
13   ### Violation of New York General Business Law § 350

14   388.   Defendant incorporates each and every response set forth above as if fully set forth
15   herein.

16   389.   This paragraph consists of a legal contention to which no response is required. To the
17   extent that any response may be required, Defendant lacks sufficient information to admit or deny the
18   allegations in paragraph 389 and on that basis denies them, and, in particular denies that this action can
19   properly be maintained as a class action.

20   390.   Defendant denies the allegations in paragraph 390.

21   391.   Defendant denies the allegations in paragraph 391.

22   392.   Defendant denies the allegations in paragraph 392.

23   393.   Defendant denies the allegations in paragraph 393.

24   394.   Defendant denies the allegations in paragraph 394.

25   395.   Paragraph 395 consists of assertions, assumptions, legal conclusions, and broad
26   generalizations as to which no response is required. To the extent a response is required, Defendant
27   denies all allegations in this paragraph, and, in particular denies that this action can properly be
28   maintained as a class action, or that Plaintiffs are entitled to any relief.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## COUNT IX
### Violation of the Virginia Consumer Protection Act
### Va. Code. Ann. §§ 59.1-196, *et seq.*

396.     Defendant incorporates each and every response set forth above as if fully set forth herein.

397.     This paragraph consists of a legal contention to which no response is required. To the extent that any response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 397 and on that basis denies them, and, in particular denies that this action can properly be maintained as a class action.

398.     This paragraph consists of a legal contention to which no response is required. To the extent that any response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 398 and on that basis denies them.

399.     Defendant denies the allegations in paragraph 399.

400.     Defendant denies the allegations in paragraph 400.

401.     Defendant denies the allegations in paragraph 401.

402.     Defendant denies the allegations in paragraph 402.

403.     Defendant denies the allegations in paragraph 403.

404.     Defendant denies the allegations in paragraph 404.

405.     Defendant denies the allegations in paragraph 405.

## COUNT X
### Violation of the Wisconsin Deceptive Trade Practices Act
### Wis. Stat. §§ 100.18, 100.20

406.     Defendant incorporates each and every response set forth above as if fully set forth herein.

407.     This paragraph consists of a legal contention to which no response is required. To the extent that any response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 407 and on that basis denies them, and, in particular denies that this action can properly be maintained as a class action.



**LEWIS**
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      408.      This paragraph consists of a legal contention to which no response is required. To the

2   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

3   allegations in paragraph 408 and on that basis denies them.

4      409.      This paragraph consists of a legal contention to which no response is required. To the

5   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

6   allegations in paragraph 409 and on that basis denies them.

7      410.      This paragraph consists of a legal contention to which no response is required. To the

8   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

9   allegations in paragraph 410 and on that basis denies them.

10      411.      This paragraph consists of a legal contention to which no response is required. To the

11   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

12   allegations in paragraph 411 and on that basis denies them.

13      412.      Defendant denies the allegations in paragraph 412.

14      413.      Defendant denies the allegations in paragraph 413.

15      414.      Defendant denies the allegations in paragraph 414.

16      415.      Defendant denies the allegations in paragraph 415.

17      416.      Defendant denies the allegations in paragraph 416.

18      417.      Defendant denies the allegations in paragraph 417.

19      418.      Defendant denies the allegations in paragraph 418.

20      419.      Defendant denies the allegations in paragraph 419.

21      420.      Defendant denies the allegations in paragraph 420.

22                                    **COUNT XI**
                              **Breach of Express Warranty**
23

24      421.      Defendant incorporates each and every response set forth above as if fully set forth

25   herein.

26      422.      This paragraph consists of a legal contention to which no response is required. To the

27   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    allegations in paragraph 422 and on that basis denies them, and, in particular denies that this action can

2    properly be maintained as a class action.

3        423.        Defendant denies the allegation in paragraph 423.

4        424.        Defendant denies the allegations in paragraph 424.

5        425.        Defendant denies the allegations in paragraph 425.

6        426.        Defendant admits that on or about June 16, 2020, counsel for plaintiffs sent a letter

7    titled "Notice of Unlawful Conduct, and Demand for Rectification" which is the best evidence of its

8    contents. Except as expressly admitted and averred herein, WD denies each of the remaining allegations

9    in paragraph 426.

10                              **COUNT XII**
                       **Breach of Implied Warranty**
11

12       427.        Defendant incorporates each and every response set forth above as if fully set forth

13   herein.

14       428.        This paragraph consists of a legal contention to which no response is required. To the

15   extent that any response may be required, Defendant lacks sufficient information to admit or deny the

16   allegations in paragraph 428 and on that basis denies them, and, in particular denies that this action can

17   properly be maintained as a class action.

18       429.        Defendant denies the allegations in paragraph 429.

19       430.        Defendant lacks information sufficient to admit or deny the allegations in paragraph

20   430 and on that basis denies them.

21       431.        Defendant lacks information sufficient to admit or deny the allegations in paragraph

22   431 and on that basis denies them.

23       432.        Defendant denies the allegations in paragraph 432.

24       433.        Defendant denies the allegations in paragraph 433.

25       434.        Defendant denies the allegations in paragraph 434.

26       435.        Defendant denies the allegations in paragraph 435.

27       436.        Defendant denies the allegations in paragraph 436.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**COUNT XIII**
**Breach of Implied Warranty Under the Song-Beverly Act,**
**Cal. Civ. Code. §§ 1790 *et seq.* and California Commercial Code § 2314**

437.     Defendant incorporates each and every response set forth above as if fully set forth herein.

438.     This paragraph consists of a legal contention to which no response is required. To the extent that any response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 438 and on that basis denies them, and, in particular denies that this action can properly be maintained as a class action.

439.     The allegations in paragraph 439 consist of assertions, assumptions, legal conclusions, and broad generalizations as to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

440.     Defendant denies the allegations in paragraph 440.

441.     Defendant denies the allegations in paragraph 441.

442.     Defendant denies the allegations in paragraph 442.

443.     Defendant admits the allegations in the first and second sentences of paragraph 443. The third and Fourth sentences paragraph 443 consists of legal contentions to which no response is required. To the extent a response is required, Defendant denies all allegations in those sentences.

444.     Paragraph 444 consists of assertions, assumptions, legal conclusions, and broad generalizations as to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

445.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 445 and on that basis denies them.

446.     Defendant lacks information sufficient to admit or deny the allegations in paragraph 446 and on that basis denies them.

447.     Defendant denies the allegations in paragraph 447.

448.     Defendant denies the allegations in paragraph 448.

449.     Defendant denies the allegations in paragraph 449.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-4351-1498.4                    40                    Case No. 5:20-cv-03584-NC
Defendant Western Digital Corporation's Answer to the Second Amended Complaint

## PRAYER FOR RELIEF

Defendant denies that plaintiffs or members of the putative classes are entitled to any of the relief that they seek and prays for judgment in its favor and against Defendants on all causes of action as set forth in its own Prayer below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Class Action Complaint fails to state any claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for damages or other relief under the Consumers Legal Remedies Act ("CLRA") or other states' equivalent statutes are barred because plaintiffs did not provide adequate notice or pre-suit notice.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs and putative class members lack standing to assert claims relating to products they did not, themselves, purchase.

### FOURTH AFFIRMATIVE DEFENSE

The asserted claims are barred to the extent plaintiffs and putative class members did not sustain any legal injury.

### FIFTH AFFIRMATIVE DEFENSE

Any claim for damages, restitution, or other monetary recovery by plaintiffs or on behalf of persons claimed to be members of the purported classes must be offset and reduced by the value received from the vehicles purchased.

### SIXTH AFFIRMATIVE DEFENSE

Because plaintiffs and putative class members seek to recover payments made voluntarily and deliberately, with knowledge or means of knowledge of all the material facts, their claims are barred by the voluntary payment doctrine.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**SEVENTH AFFIRMATIVE DEFENSE**

2    The claims of plaintiffs and putative class members are time-barred, in whole or in part, under the

3    applicable statute of limitations, statute of repose, or by the doctrines of waiver, estoppel, and/or laches.

4

**EIGHTH AFFIRMATIVE DEFENSE**

5    Plaintiffs and putative class members may be barred, in whole or in part, from recovery because they

6    have made statements or taken actions which estop them from asserting their claims.

7

**NINTH AFFIRMATIVE DEFENSE**

8    To the extent plaintiffs or putative class members have alleged any damage, the sole and proximate

9    cause of the alleged damage sustained by plaintiffs or the putative classes results from the actions,

10   inactions or negligence, in whole or in part, of persons other than Defendant for whose actions,

11   inactions or negligence, in whole or in part, Defendant is in no way liable.  Plaintiffs and the putative

12   classes are not, therefore, entitled to recover from Defendant in this action.

13

**TENTH AFFIRMATIVE DEFENSE**

14   Plaintiffs and putative class members may be barred from recovery, in whole or in part, due to the

15   intervening cause of another party.

16

**ELEVENTH AFFIRMATIVE DEFENSE**

17   Plaintiffs and putative class members whose products have been altered are barred, in whole or in part,

18   from recovery.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20   Plaintiffs and putative class members whose products have been sold, destroyed, or otherwise disposed

21   of may be barred, in whole or in part, from recovery.

22

**THIRTEENTH AFFIRMATIVE DEFENSE**

23   Plaintiffs and putative class members may be barred from recovery, in whole or in part, because, in this

24   or other courts, they have brought actions and have received judgments, on parts of some or all claims

25   asserted herein.

26

**FOURTEENTH AFFIRMATIVE DEFENSE**

27   Plaintiffs and the putative classes may not seek equitable relief because they have an adequate remedy

28   at law.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims of plaintiffs and the putative classes are barred to the extent they have failed to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims of plaintiffs and the putative classes are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or other similar doctrines.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The claims of plaintiffs and the putative classes are barred, in whole or in part, by the doctrine of mootness.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The claims of plaintiffs and the putative classes are barred, in whole or in part, by their release of those claims.

**NINETEENTH**

**AFFIRMATIVE DEFENSE**

To the extent plaintiffs or putative class members sustained any damages caused by a product supplied or sold by Defendant, such product was intended for, and sold to, a knowledgeable and sophisticated user, over whom Defendant had no control or who was fully informed as to the risks and dangers, if any, associated with such product and the precautions, if any, required to avoid those risks and dangers. By reason thereof, Defendant had no duty to warn or to further warn the knowledgeable users of the risks and dangers, if any, associated with the products.  Whatever damages, if any, plaintiffs or putative class members sustained was proximately caused by the failure of the knowledgeable user of the product to use it for the purpose for which, and in the manner for which, such product was intended to be used.

**TWENTIETH AFFIRMATIVE DEFENSE**

The purported causes of action asserted in the Second Amended Class Action Complaint are barred in whole or in part because plaintiffs and putative class members were never in privity of contract with Defendant.

Defendant Western Digital Corporation's Answer to the Second Amended Complaint

## ADDITIONAL RESERVED AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses that govern the claims asserted by plaintiffs and on behalf of persons claimed to be members of the purported classes. Defendant reserves the right to assert additional affirmative defenses as appropriate.

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, Defendant prays that the Court determine and adjudge:

a) that this suit cannot be maintained as a class action;

b) that the Second Amended Class Action Complaint be dismissed on the merits;

c) that plaintiffs take nothing by the Second Amended Class Action Complaint;

d) that Defendant be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e) that Defendant be awarded such other and further relief as the Court may deem proper.

DATED: September 16, 2020          **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                    ERIC Y. KIZIRIAN
                                    JOSHUA S. HODAS
                                    LEO A. BAUTISTA
                                    DANIEL C. DECARLO


                                    By: _____
                                        JOSHUA S. HODAS
                                        *Attorneys for Defendant*

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury for all claims so triable.

DATED: September 16, 2020          **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                    ERIC Y. KIZIRIAN
                                    JOSHUA S. HODAS
                                    LEO A. BAUTISTA
                                    DANIEL C. DECARLO


                                    By: _____
                                        JOSHUA S. HODAS
                                        *Attorneys for Defendant*