1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS MALONE, CHRIS AYERS, JAMES BACKUS, BRIAN CONWAY, DAVID EATON, STEVEN GRAVEL, JAMES RAAYMAKERS, and TOD WEITZEL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WESTERN DIGITAL CORPORATION,

Defendant.

Case No. 5:20-cv-03584-NC

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE**

1

## **ORDER**

2          Before the Court is the Motion for Preliminary Approval of Class Settlement

3   Agreement and for Direction of Class Notice pursuant to Fed. R. Civ. P. 23(e)

4   ("Motion"), filed by Plaintiffs Nicholas Malone, Chris Ayers, James Backus, Brian

5   Conway, David Eaton, Steven Gravel, James Raaymakers, and Tod Weitzel

6   ("Plaintiffs").  Plaintiffs and Defendant Western Digital Corporation ("WDC" or

7   "Western Digital") have entered into a Class Settlement Agreement, dated June 7, 2021

8   ("Settlement Agreement").  Having thoroughly reviewed the Settlement Agreement,

9   including the proposed forms of class notice and other exhibits thereto, the Motion, and

10  the papers and arguments in connection therewith, and good cause appearing, the Court

11  hereby ORDERS as follows:

12          1.      Capitalized terms not otherwise defined herein have the meanings set

13  forth in the Settlement Agreement.

14          2.      This Court has subject matter jurisdiction over this matter pursuant to 28

15  U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class

16  Members.  Venue is proper in this District.

17          3.      All parties have consented to the jurisdiction of a magistrate judge.

18  ECF 8, 9.

19          4.      The Motion is GRANTED.

20          5.      The Court hereby preliminarily approves the Settlement Agreement and

21  the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1).  The Court finds that it

22  will likely be able to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2)

23  and to certify the Settlement Class for purposes of judgment on the proposed

24  Settlement.  The Court preliminarily finds that the Settlement Agreement is fair,

25  reasonable, and adequate as to the Settlement Class Members under the relevant

26  considerations.  The Court finds that Plaintiffs and proposed Class Counsel have

27  adequately represented and will continue to adequately represent the Settlement Class.

28  The Court further finds that the Settlement Agreement is the product of arms' length

negotiations by the Parties through the use of an experienced mediator, Judge Elizabeth Laporte (Ret.) of JAMS San Francisco, and an additional two months of extensive settlement discussions.  The Court preliminarily finds that the relief provided—a non-reversionary common settlement fund of $2.7 million—is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (i.e., direct payments by mailed checks).  The Court preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably relative to each other and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable.  Under the terms of the Settlement Agreement, all Settlement Class Members who purchased one or more of the relevant WD Red NAS hard drives are eligible to submit a claim for a payment (via a simple claim form listing the relevant WD Red NAS hard drives that they purchased and attesting to their belief of said purchases during the relevant time period).  The settlement payment amounts will be $4.00 for each WD Red NAS Drive with 2TB capacity (WD20EFAX) or 3TB capacity (WD30EFAX), subject to pro-rata adjustment, if applicable, and $7.00 for each WD Red NAS Drive with 4 TB capacity (WD40EFAX) or 6TB capacity (WD60EFAX), subject to pro-rata adjustment, if applicable, up to a maximum of 85% of the MSRP value of the drive purchased.  The Court preliminarily finds that the payment allocation provided in the Settlement Agreement is reasonable and equitable.

6.     The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

> All persons in the United States (including its states, districts or territories) who purchased a WD Red NAS Drive using Shingled Magnetic Recording ("SMR") technology between October 2018 and the date of this Order.

7.     The Court finds that for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous

such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

8. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties. In the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

9. The Court hereby appoints Plaintiffs Nicholas Malone, Chris Ayers, James Backus, Brian Conway, David Eaton, Steven Gravel, James Raaymakers, and Tod Weitzel as Class Representatives to represent the Settlement Class.

10. The Court hereby appoints the law firms of Bursor & Fisher, P.A. and Hattis & Lukacs as Class Counsel for the Settlement Class.

11. The Court hereby appoints JND Legal Administration as Settlement Administrator and directs JND Legal Administration to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

12. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice program set forth at Section IV of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits B, E, G, and H to the Settlement Agreement. The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program—which includes individual direct notice to known Settlement Class Members via email, mail, and a second reminder email, a media and Internet notice program, and the establishment of a Settlement Website and

Toll-Free Number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt-out, and the proposed Settlement and its terms.  The Court finds that the notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

13.    The Court directs the Settlement Administrator and the Parties to implement the notice program as set forth in the Settlement Agreement.

14.    Settlement Class Member Contact Information:   By no later than **August 4, 2021,** Western Digital shall provide the available contact information of every Settlement Class Member that it has in its possession to the Settlement Administrator.

15.    Email Notice:   By no later than thirty (30) days following the entry of this Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall issue the first Email Notice (substantially in the form attached as Exhibit G to the Settlement Agreement) to each Settlement Class Member whose email address is known to the Settlement Administrator.  The Email Notice shall be sent with the sender title "Western Digital Class Action Settlement Claims Administrator" and the subject line "Notice of Western Digital Settlement and Eligibility to Receive Compensation."

16.    Mail Notice:   For any Settlement Class Member for whom Western Digital has a valid mailing address, the Settlement Administrator shall send a Mail

Notice via the U.S. Postal Service to those Settlement Class Members.  The Mail Notice will be substantially similar to the form attached as Exhibit H to the Settlement Agreement and will provide the web address of the Settlement Website and an email and mailing address to contact the Settlement Administrator.  Western Digital, through the Settlement Administrator, will provide the Mail Notice on or before thirty (30) calendar days after the Preliminary Approval Date.  The Mail Notice shall be issued one time to each Settlement Class Member for whom Western Digital has a valid mailing address.

17.    Reminder Email Notice:  No later than **September 21, 2021,** the Settlement Administrator shall issue a second round of Email Notices, substantially in the form attached as Exhibit G to the Settlement Agreement, to each Settlement Class Member that was sent the initial Email Notice.

18.    Settlement Website:   The Settlement Administrator shall establish and maintain an Internet website, at the URL www.WDRedNASHarddriveSettlement.com, where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates, and deadlines, and related information.  Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website.  The Settlement Website shall include, in PDF format, the Second Amended Complaint in this Action, the Settlement Agreement, the long-form notice substantially in the form attached as Exhibit B to the Settlement Agreement, this Preliminary Approval Order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties and/or required by the Court, and shall be operational and live by no later than one day before the first Mail Notice or Email Notice is disseminated.  The Settlement Website shall be optimized for display on mobile phones.  The Settlement Website shall remain operational until at least three months after the date the Settlement becomes Effective.

19.    Toll-Free Number:  The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Settlement Class

Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Claim Form or long-form notice be mailed to them. The Toll-Free Number shall be operational and live by no later than one day before the first Mail Notice or Email Notice is disseminated and shall remain operational until at least three months after the date the Settlement becomes Effective.

20.     <u>Publication, Media, and Internet Notice</u>:  Notice shall also be provided via a media and Internet notice program, including banner ads on Internet sites targeted to the Class.  The media and Internet notice program shall commence as soon as practicable following the entry of this Order and, in all events, shall commence not later than the Notice Date.

21.     Western Digital shall pay the Notice and Other Administrative Costs within thirty (30) days of when such amounts are invoiced to Western Digital and become due and owing.  Payments made by Western Digital pursuant to this paragraph will reduce the $2.7 million total that Western Digital must pay for the Settlement Fund by an amount commensurate with the amount of such payment.

22.     At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.

<u>Claims Procedure</u>

23.     The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit A to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

<u>Opt-Out and Objection Procedures</u>

24.     Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a request for exclusion that is

postmarked or emailed no later than **December 3, 2021,** (the "Exclusion/Objection Deadline").  To be effective, the request for exclusion must include: (a) the Settlement Class Member's full name, telephone number, mailing address, and email address; (b) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of this Action: "Malone v. Western Digital Corporation"; and (d) the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf.  Settlement Class Members cannot request exclusion as a class or group.  Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards.  If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion.  Any Settlement Class Member who does not submit a timely and valid request for exclusion in accordance with this paragraph shall be bound by the Final Order and Judgment if and when it is entered.  The Settlement Administrator shall provide copies of all timely and valid requests for exclusion to Class Counsel and Western Digital's Counsel.

25.    Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees, costs, or service awards.  To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, and filed with or mailed to the Court, at the address listed in the long-form notice, postmarked/filed no later than **December 3, 2021,** (the "Exclusion/Objection Deadline"), and must include the following: (a) the name of this Action: "Malone v. Western Digital Corporation"; (b) the full name, mailing address, telephone number, and email address of the objector; (c) the objector's signature or the signature of an individual authorized to act on his or her behalf; (d) a description of the specific reasons for the objection; (e) the name, address, bar number, and telephone number of counsel

for the objector, if the objector is represented by an attorney; (f) a list of any objections to class actions submitted by the objector or its attorney(s) within the previous 5 years; and (g) state whether the objector intends to appear at the final approval hearing either in person or through counsel.  Only objections that are submitted in accordance with this paragraph shall be heard by the Court.  Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the final approval hearing and shall be forever barred from making any objection to the proposed Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards.  Any Settlement Class Member who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final.  The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and Western Digital's Counsel.

Preliminary Approval Hearing

26.    The Court held a preliminary approval hearing by Zoom webinar on July 21, 2021, at 1:00 p.m.  The purpose of the preliminary approval hearing was for the Court to: (i) address the parties' supplemental briefing filed on July 20, 2021, and (ii) schedule the final approval hearing.  The Court finds that the parties' supplemental briefing is satisfactory. Additionally, the parties agreed to schedule the final approval hearing for December 22, 2021, at 2:00 p.m.

**Final Approval Hearing**

27.    The Court will hold a final approval hearing by Zoom webinar on **December 22, 2021, at 2:00 p.m**. The purposes of the final approval hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Persons of all claims stated in Section 6.1 of the Settlement Agreement; (iii) determine whether the

Settlement Class should be finally certified; (iv) rule on Class Counsel's motion for attorneys' fees, costs and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

28.     By no later than **September 6, 2021,** Plaintiffs and Class Counsel must file their: (a) motion for final approval of the Settlement Agreement; and (b) any motion for attorneys' fees, costs, and service awards.  Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

29.     By no later than **December 8, 2021**, the Parties must file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or in support of Class Counsel's motion for attorneys' fees, costs, and service awards.

30.     The Court may, in its discretion, modify the date and/or time of the final approval hearing, and may order that this hearing be held remotely or telephonically.  In the event the Court changes the date, time, and/or the format of the final approval hearing, the Parties will ensure that the updated information is posted on the Settlement Website.

31.     Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the final approval hearing.

32.     If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and Other Administration Costs as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in

the Settlement Agreement to survive the termination of the Settlement Agreement.

33.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

34.     Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Persons insofar as such action asserts claims stated in section 6.1 of the Settlement Agreement, directly or indirectly, in any judicial, administrative, arbitral, or other forum.  This bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

35.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Western Digital or the other Released Persons as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Western Digital or the Released Persons; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

36.     The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

37.     This case is stayed except for settlement approval purposes.

38.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

1    39.    The Court may, for good cause, extend any of the deadlines set forth in

2  this Preliminary Approval Order without further notice to Settlement Class Members.

3    40.    The following chart summarizes the dates and deadlines set by this

4  Preliminary Approval Order:

| | |
|---|---|
| Last day for Western Digital to provide the Settlement Class Member contact information to the Settlement Administrator | **August 4, 2021** |
| Notice Date (Email and Direct Mail) | **August 20, 2021** |
| Reminder Email Notice | **September 21, 2021** |
| Last day for Plaintiffs and Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, costs and service awards | **September 6, 2021** |
| Exclusion/Objection Deadline | **December 3, 2021** |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Class Counsel's application for attorneys' fees, costs and service awards | **December 8, 2021** |
| Claim Deadline | **November 18, 2021** |
| Final Approval Hearing | **December 22, 2021, at 2:00 p.m.** |

**IT IS SO ORDERED.**

Dated:  July 21, 2021

_____
Hon. Nathanael M. Cousins
UNITED STATES MAGISTRATE JUDGE