UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS MALONE, CHRIS AYERS, JAMES BACKUS, BRIAN CONWAY, DAVID EATON, STEVEN GRAVEL, JAMES RAAYMAKERS, and TOD WEITZEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant. | Case No. 5:20-cv-03584-NC<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT**<br><br>Judge:  Hon. Nathanael Cousins |

WHEREAS, the Parties have entered into the Stipulation of Class Action Settlement, with its attached exhibits (collectively, the "Agreement"), signed and filed with this Court on June 11, 2021, to settle *Malone, et al. v Western Digital Corporation*, Case No. 5:20-cv-03584-NC, pending in the United States District Court for the Northern District of California (the "Action").

WHEREAS, by Order dated July 21, 2021, (the "Preliminary Approval Order"), this Court granted preliminary approval of the proposed class action settlement between the parties in the Action, ordering the dissemination of Class Notice to potential Class Members, providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed settlement, and issuing related Orders.

WHEREAS, the Court also preliminarily certified a Class, for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Fairness Hearing to take place on December 22, 2021.  On that date, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing Plaintiffs' complaint on the merits and with prejudice in favor of Defendant and the Released Parties and against all persons who are Class Members pursuant and subject to the terms of the Agreement; (3) whether and in what amount to award Incentive Awards to Plaintiffs; and (4) whether and in what amount to award Attorneys' Fees and Expenses to Plaintiffs' Counsel.

WHEREAS, the Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. <u>Use of Capitalized Terms</u>.  Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Agreement.

2. <u>Incorporation of Other Documents</u>.  This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Agreement, including all exhibits thereto, and definitions included therein, which was signed and filed with this Court on June 11, 2021; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Plaintiffs' Counsel's request for an award of Attorneys' Fees and Expenses; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

3. <u>Jurisdiction</u>.  The Court has personal jurisdiction over the Parties, and because due, adequate, and practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Class Members (as defined below and in the Agreement).  The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed Settlement and the Agreement and all exhibits attached thereto, grant final certification of the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, dismiss the Action on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. <u>Final Class Certification for Settlement Purposes Only</u>.  The Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a) and 23(b)(3), the Court finding that the Settlement Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.  The Settlement Class shall consist of:

> All persons in the United States (including its states, districts or territories) who purchased a WD Red NAS Drive using Shingled Magnetic Recording ("SMR") technology between October 2018 and July 21, 2021.

The WD Red NAS Drives (hereinafter, "Subject Products") at issue in the Settlement are the following:  WD20EFAX (2TB capacity), WD30EFAX (3TB capacity), WD40EFAX (4TB capacity), and WD60EFAX (6TB capacity).  Specifically excluded from the Class are: (a) Defendant, its employees, principals, officers, directors, agents, affiliated entities legal representatives, successors, and assigns; (b) the judges to whom the Action has been or is

assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of resale; and (d) all consumers who have filed a timely Request for Exclusion from the Class.

5. <u>Requests for Exclusion</u>.  The Court finds that only those persons listed in Exhibit A to this Order have submitted timely and valid Requests for Exclusion from the Class and are therefore not bound by this Final Order and the accompanying Final Judgment.  Plaintiffs' Counsel and Defense Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

6. <u>Adequacy of Representation</u>.  The Court designates Plaintiffs as representatives of the Class, and finds that these Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Agreement.  The Court appoints the law firms of Bursor & Fisher, P.A. and Hattis & Lukacs as counsel for the Class ("Plaintiffs' Counsel").  For purposes of these settlement approval proceedings only, the Court finds that Bursor & Fisher, P.A. and Hattis & Lukacs are experienced and adequate Plaintiffs' Counsel.  Plaintiffs and Plaintiffs' Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

7. <u>Class Notice</u>.  The Court finds that the dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof:

    a.    constituted the best practicable notice to Class Members under the circumstances of the Action;

    b.    constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action; (ii) the terms of the proposed Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class' representation by Plaintiffs or Plaintiffs' Counsel, and/or the award of attorneys' fees and expenses and

representative awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Final Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

        c.    constituted notice that was reasonable, due, adequate, and sufficient to inform all persons and entities entitled to be provided with notice; and

        d.    constituted notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, and that complied with the Federal Judicial Center's illustrative class action notices.

    8.    <u>CAFA Notice</u>.  The Court finds that Defendant (through the Claims Administrator) provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the proposed settlement before entering its Orders and Final Judgment, and no such objections or comments were received.

    9.    <u>Final Settlement Approval</u>.  The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution (including the Due Process Clause), and any other applicable law.

    The Court finds that the Agreement is fair, adequate, and reasonable based on the following factors, among other things:

        a.    There was no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months.  This included a mediation before Hon. Elizabeth Laporte (Ret.) of JAMS San Francisco

on January 13, 2021.  *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

        b.      The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class.  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where Plaintiffs' Counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned").  Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

        c.      The support of Plaintiffs' Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval.  *See Class Plaintiffs*, 955 F.2d at 1291; *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856, at *7 (C.D. Cal. July 21, 2008); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

        d.      The Settlement provides meaningful relief to the Class, including cash relief, and injunctive relief, and certainly falls within the range of possible recoveries by the Class.

The Settlement is approved [and all objections to the Settlement are overruled as without merit].  The Parties and Class Members are hereby directed to implement and consummate the Agreement in accordance with its terms and provisions.  Plaintiffs' Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement.

1        10.     Settlement Consideration.

2               a.      As described in the Agreement, Defendant's maximum financial commitment under the Settlement shall be two million seven hundred thousand dollars ($2,700,000.00).  This amount shall include any Court-ordered Attorneys' Fees and Expenses, Plaintiffs' incentive awards, any and all Settlement Administration Expenses, and the monetary value of all cash awards paid to Class Members.  The settlement fund shall be administered and implemented by JND Legal Administration as Settlement Administrator under the terms set forth in the Agreement.

                b.      In addition, Defendant will implement the following changes in connection with the Subject Products:  Within 60 days of the effective date of the settlement, Defendant shall clearly and conspicuously disclose the use of SMR technology on the product packaging and website product page on westerndigital.com of all WD Red NAS Drives with SMR technology.  The requirements of this injunctive relief must be complied with for no less than 4 years after the Effective Date of Settlement.

        11.     Binding Effect.  The terms of the Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on the Parties and all Class Members, as well as their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release set forth in the Agreement.

        12.     Release.  The following Release, which is also set forth in Section VI of the Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release:

a. Upon the effective date of the release contained in this paragraph, the Class Representatives each waive or are deemed to have waived on their own behalf only the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law). Section 1542 provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

b. In connection with such waiver and relinquishment, the Releasing Parties hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the Release herein given by the Releasing Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Releasing Parties expressly acknowledges that he/she/it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section. Plaintiffs and Class Members are not releasing any claims for personal injuries. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a material element of the Settlement of which this Release is a part.

13. <u>Permanent Injunction</u>. All Class Members and/or their representatives who have not been timely excluded from the Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing or receiving any benefits from, as class members or otherwise, any lawsuit (including

putative class actions), arbitration, administrative, regulatory or other proceeding in any jurisdiction that is covered by the Release. All Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. However, Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the activities of any Party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency.

14. <u>Enforcement of Settlement</u>. Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the claims process described in the Agreement if they are entitled to do so under the terms of the Agreement.

15. <u>Attorneys' Fees and Expenses and Plaintiffs' Incentive Awards</u>. The Court is concurrently issuing a separate Order with respect to Attorneys' Fees and Expenses and the Incentive Awards to the representative Plaintiffs, entitled Final Order Approving Attorneys' Fees and Expenses and Incentive Awards.

16. <u>Modification of Settlement Agreement</u>. The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Agreement and its implementing documents (including all exhibits) without further notice to the Class or approval by the Court if such changes are consistent with this Final Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Class Members under the Agreement.

17. <u>Retention of Jurisdiction</u>. The Court has jurisdiction to enter this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the

accompanying Final Judgment. Without in any way affecting the finality of these Final Orders and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, and of these Final Orders and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)):

a. enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendant);

b. entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendant), or dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Agreement.

18. <u>No Admissions</u>. Neither this Final Order, the accompanying Final Judgment, nor the Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an

admission or concession by or against Defendant or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever or the propriety of class certification. Defendant continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this Final Order, the accompanying Final Judgment, and the Agreement may be filed in any action by or against Defendant or Released Parties to support a defense of res judicata or collateral estoppel.

19. **Dismissal of Action**. The Action (including all individual and Class claims presented therein) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Agreement.

20. **Occurrence of Terminating Conditions.** In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

DATED: _____     _____
                                  Hon. Nathanael Cousins
                                  UNITED STATES MAGISTRATE JUDGE