**BURSOR & FISHER, P.A.**
Yitzchak Kopel (*Pro Hac Vice*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**HATTIS & LUKACS**
Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS MALONE, CHRIS AYERS, JAMES BACKUS, BRIAN CONWAY, DAVID EATON, STEVEN GRAVEL, JAMES RAAYMAKERS, and TOD WEITZEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant. | Case No. 5:20-cv-03584-NC<br><br>**DECLARATION OF DANIEL M. HATTIS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS**<br><br>Date: December 22, 2021<br>Time: 2:00 p.m.<br>Courtroom: 5, 4th Floor<br>Judge: Hon. Nathaniel Cousins |

I, Daniel M. Hattis, declare as follows:

1. I have personal knowledge of the facts set forth herein, and if called to testify thereto, I could and would do so competently.

2. I am a member in good standing of the State Bar of California and of the Washington State Bar Association, and I am one of the principal attorneys at Hattis Law PLLC d/b/a Hattis & Lukacs ("Hattis & Lukacs"). I am one of the attorneys representing Nicholas Malone, Chris Ayers, James Backus, Brian Conway, David Eaton, Steven Gravel, James Raaymakers, and Tod Weitzel in the above captioned case.

3. I submit this Declaration in support of Plaintiffs' Motions for Final Approval and for an Award of Attorneys' Fees, Costs and Expenses, and Incentive Awards for the Class Representatives.

4. Hattis & Lukacs has worked diligently in investigating and prosecuting this matter. Upon filing the Second Amended Complaint, which consolidated the action with *Raaymakers v. Western Digital Corporation,* Case No. 5:20-cv-04091, Hattis & Lukacs has worked together with co-counsel Bursor & Fisher, P.A. to prosecute and, ultimately, resolve this matter. Working with co-counsel Bursor & Fisher, P.A., Hattis & Lukacs has engaged in preliminary discovery, reviewed and analyzed Western Digital's documents and data, and obtained via subpoena third-party documents relevant to the matter.

5. In late July 2020, the Parties began engaging in arms-length discussions concerning the prospect for settlement.

6. On January 13, 2021, the Parties participated in an all-day virtual mediation before the Hon. Elizabeth D. Laporte (Ret.) of JAMS San Francisco. Prior to the mediation, the Parties exchanged detailed confidential mediation statements setting forth their respective positions as to liability and damages. While the Parties were unable to reach an agreement at the mediation, progress was made.

7. Over the following two months, the Parties directly engaged in further extensive settlement discussions. As a result of those discussions, the Parties executed a Class Action

DECLARATION OF DANIEL M. HATTIS                                                     Case No. 5:20-cv-03584-NC
- 2 -

Settlement Term Sheet on March 9, 2021. The Parties then submitted supplemental briefing to Judge Laporte concerning the *pro rata* distribution issue, which allowed Class Counsel to secure the upward adjustment of claims payment amounts up to 85% of the MSRP price of the hard drives. The Parties then continued to negotiate the details of the settlement. After securing preliminary approval of the settlement, the Parties then began the process of managing the dissemination of notice and the claims process.

8. Attached as **Exhibit 1** are my firm's detailed billing diaries for this case. I have personally reviewed all of my firm's time entries, and have ensured that duplicative or unnecessary time has been excluded and that only time reasonably devoted to the litigation has been included. The time and descriptions displayed in these records were regularly and contemporaneously recorded by me and the other timekeepers of the firm and have been maintained in the records of my firm.

9. My firm's hourly rates are also included at **Exhibit 1**, including the rates for each of the attorneys who worked on the case.

10. In total, three Hattis & Lukacs attorneys have incurred a total lodestar in this matter of approximately $445,118, representing 631.29 attorney hours.

11. I personally have worked 393.14 hours on this case including investigation, communicating with plaintiffs, drafting the complaints and pleadings, developing case strategy, communications with co-counsel and opposing counsel, drafting and reviewing discovery including third party discovery, and settlement.

12. I have focused my law practice almost exclusively on false advertising class actions for the past 13 years. I received my law degree from the University of California at Berkeley School of Law (Boalt Hall) in 1999. From 2004 through 2010, I worked as an attorney at the Law Offices of Angelo Salvatore Parise, where I litigated dozens of cases, in addition to working on transactional and intellectual property matters.

13. In 2008, I founded Hattis Law PLLC d/b/a Hattis & Lukacs. Hattis & Lukacs is a class action law firm specializing in representing consumers in false advertising cases. As principal of Hattis & Lukacs, I have performed a significant amount of class action litigation

work and have served as class counsel in numerous cases, including: *Roberts v. AT&T Mobility LLC*, 3:15-cv-03418-EMC (N.D. Cal. 2021) (settlement with $12 million non-reversionary settlement fund), *Andrews, et al. v. Gap, et al.*, CGC-18-567237 (Cal. Sup. Ct. San Francisco, 2019) ($144 million claims-made settlement for a class of almost 24 million class members who were subjected to false discounts and false reference pricing); *Brazil v. Dell Inc.*, C-07-01700 RMW (N.D. Cal. 2012)($50 cash payment to each class member who submitted a claim); *In Re: TracFone Unlimited Service Plan Litigation*, 13-cv-03440-EMC (N.D. Cal. 2015)(settlement with non-reversionary $40 million settlement fund); *Williamson v. McAfee, Inc.*, 5:14-cv-00158-EJD (N.D. Cal. 2017)($11.50 cash payment to each class member who submitted a claim); and *Chen v. Lamps Plus, Inc.*, 2:19-cv-00119-MJP (W.D. Wa. 2020)($14 cash payment to each class member who submitted a claim).

14.  I continue to investigate and prosecute complex consumer protection class actions. I currently serve as plaintiffs' counsel in numerous class action cases, including: *Tillage v. Comcast Corporation, et al.*, 17-cv-06477-VC (N.D. Cal.); *Vianu et al. v. AT&T Mobility LLC*, 3:19-cv-03602-LB (N.D. Cal.); *Byrne et al. v. Charter Communications, Inc. et al.*, 20-cv-00712-CSH (D. Connecticut); *Grillo et al. v. RCN Telecom Services, LLC et al.*, 20-cv-08609-FLW-TJB (D. N.J.); *Nemykina v. Old Navy LLC, et al.*, 2:19-cv-01958-MAT (W.D. Wash.); and *Bekkerman et al. v. California Department of Tax and Fee Administration, et al.*, Case No. 34-2016-80002287 (Cal. Sup. Ct. Sacramento). I am also currently co-counsel with the City Attorney of Los Angeles in government prosecutions for false advertising against two major department store retailers in Los Angeles County Superior Court: *People v. Kohl's Department Stores, Inc.*, Case No. BC643037, and *People v. Macy's, Inc.*, Case No. BC643040.

15.  In addition to my work as an attorney, I have considerable experience in the technology and software industries. For example, in 1998, I co-founded Rentals.com, Inc., which built and supplied software and Internet solutions for the rental housing industry. While there, I managed and worked with software engineers to build and develop various computer technologies. In 2001, I co-founded an investment bank, SG Capital, LLC, where I advised

technology companies regarding capital raising, acquisitions and other transactional matters. In 2007, I co-founded Sesh.com, Inc. ("Sesh"), a Web-based communications company that enables "co-browsing" of Web pages (i.e., multiple users browsing the same Web page at the same time). During my time at these companies, I have developed a strong familiarity with Internet, database and storage technologies, knowledge that was relevant and helpful in investigating, prosecuting, and bringing this matter to a successful resolution.

16. Paul Karl Lukacs is a partner at Hattis & Lukacs who has worked 146.06 hours on the case, primarily on drafting the complaints and demand and notice letters, case strategy, and settlement. Mr. Lukacs is an experienced attorney who has been practicing complex litigation for over 20 years.

17. Che Corrington is an associate attorney at Hattis & Lukacs who has worked 94.5 hours on the case, primarily researching the complaints and drafting motions and supporting exhibits. Mr. Corrington has been practicing class action litigation at Hattis & Lukacs for three years.

18. Hattis & Lukacs's current billing rates for all three attorneys who worked on this case have recently been approved by the Northern District of California (*Roberts v. AT&T Mobility LLC*, 3:15-cv-03418-EMC (N.D. Cal. 2021)), the Western District of Washington (*Chen v. Lamps Plus, Inc.*, 2:19-cv-00119-MJP (W.D. Wa. 2020)), and the California State Superior Court (*Andrews, et al. v. Gap, et al.*, CGC-18-567237 (Cal. Sup. Ct. San Francisco, 2019)).

19. Attached as **Exhibit 2** is a summary of the direct costs my firm has incurred in this case, which totals $3,653.30. All expenses were carefully and reasonably expended, and they reflect market rates for various categories of expenses incurred. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

20. For the reasons described fully in Plaintiffs' Motion for Final Approval and in the Declaration of Yitzchak Kopel filed herewith, and based on my experience and knowledge regarding the factual and legal issues in this matter, it is my opinion that the settlement is fair,

reasonable, and adequate, and is in the best interests of the respective class members. I strongly believe that this settlement is an excellent result for the class members.

21.     I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was signed in Bellevue, Washington on September 6, 2021.

_____
DANIEL M. HATTIS