**BURSOR & FISHER, P.A.**
Yitzchak Kopel (*Pro Hac Vice*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: ykopel@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**HATTIS & LUKACS**
Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
          pkl@hattislaw.com

*Class Counsel*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS MALONE, CHRIS AYERS, JAMES BACKUS, BRIAN CONWAY, DAVID EATON, STEVEN GRAVEL, JAMES RAAYMAKERS, and TOD WEITZEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant. | Case No. 5:20-cv-03584-NC<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date:  December 22, 2021<br>Time:  2:00 p.m.<br>Courtroom:  5, 4th Floor<br>Judge: Hon. Nathaniel Cousins |

1    Plaintiffs Nicholas Malone, Chris Ayers, James Backus, Brian Conway, David Eaton, Steven

2  Gravel, James Raaymakers, and Tod Weitzel ("Plaintiffs"), through their Court-appointed counsel,

3  Bursor & Fisher, P.A. and Hattis and Lukacs ("Class Counsel"), respectfully submit this Reply

4  Memorandum in Further Support of Plaintiffs' Motion for Final Approval of Class Settlement.

5    Below, Plaintiffs provide an update to the Court regarding settlement administration in this

6  case.  Accompanying this memorandum, Plaintiffs have also submitted the Declaration of Gretchen

7  Eoff ("Eoff Decl.").  Ms. Eoff is a Senior Vice President of Operations at JND Legal Administration

8  LLC ("JND"), the Court-appointed Settlement Administrator in this case.

9  **Success of Notice Plan and Positive Reception from Settlement Class Members**

10    The Settlement reached by Class Counsel was well-received.  There were no objections to

11  the Settlement and only one timely but invalid exclusion request.  Eoff Decl. ¶¶ 24-27.  Such an

12  overwhelmingly positive response from Class Members supports final approval.  *See, e.g., Nat'l*

13  *Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("The absence of a

14  single objection to the Proposed Settlement provides further support for final approval of the

15  Proposed Settlement.  It is established that the absence of a large number of objections to a proposed

16  class action settlement raises a strong presumption that the terms of a proposed class settlement

17  action are favorable to the class members."); *Moore v. PetSmart, Inc.*, 2015 WL 5439000, at *7

18  (N.D. Cal. Aug. 4, 2015) ("A low number of opt-outs and objections in comparison to class size is

19  typically a factor that supports settlement approval."); *De Leon v. Ricoh USA, Inc.*, 2020 WL

20  1531331, at *14 (N.D. Cal. Mar. 31, 2020) (final approval "supported by the lack of any objections

21  to the settlement amount or the requested attorneys' fees").

22    The Notice Plan was also successful.  The digital segment of the Notice Plan reached

23  approximately 72.2% of potential Class Members, and direct notice was sent to 6,670 Settlement

24  Class Members through email and 5,207 through U.S. Mail.  Eoff Decl. ¶¶ 8, 11, 18).  These are the

25  hallmarks of a great notice program.  *Federal Judicial Center Judges' Class Action Notice and*

26  *Claims Process Checklist*, https://www.consumerclassdefense.com/wp-content/uploads/sites/

27  235/2013/06/FJC-Notice-Checklist-and-Plain-Language-Guide.pdf ("A high percentage (e.g.

28  between 70-95%) can often reasonably be reached by a notice campaign").

**Additional Auditing is Required to Eliminate Fraudulent Claims**

JND has reported that "[a] number of claims have validity issues including duplicates, claims filed in clusters from the same address, and larger than expected Hard Drive purchases claimed." Eoff Decl. ¶ 31.  The issue of fraudulent claims is apparent from individual claimants seeking reimbursement for absurd numbers of Hard Drives they purport to have purchased.  One claimant even brazenly sought reimbursement for their purported purchase of "999,999,999 Hard Drives."  *Id.* JND also reports that "of the 46,898 claims filed, more than 10,000 claims sought reimbursement for more than 5 Hard Drives apiece.  Cumulatively, these 10,000 claims sought reimbursement for more than 1 billion total Hard Drives."  *Id.*

To address this issue, JND has elected to require proof of purchase from Class Members "who filed timely claims claiming the purchase of more than 5 Hard Drives."  Eoff Decl. ¶ 32.  "The proof of purchase request will indicate that valid proof of purchase must be provided to JND within 30 days or the claim will be denied and no further processing will occur."  *Id.*

Pursuant to the Settlement Agreement (and by extension, the Court's Preliminary Approval Order), JND is empowered to require proof of purchase from Class Members at its discretion. Settlement Agreement ¶ 2.5 ("Class Members will be required to verify, under penalty of perjury, that they purchased one (or more) of the Hard Drives during the Settlement Class Period.  The attestation will make clear that claimants may, at the discretion of the Settlement Administrator, be called upon to provide further proof of purchase where concerns over the claimants' membership in the class may exist."). And in fact, on both the online and printed claim forms provided to and submitted by Class Members, claimants were required to check a box which stated "I understand and agree that my claim may be verified and subject to audit at the discretion of the Claims Administrator."

**JND's Request for Authorization of Additional Funds for Settlement Administration**

Per Ms. Eoff's accompanying declaration, "JND respectfully requests that the Court authorize an additional $190,000 (for total Settlement Administration fees and expenses of $492,073) to complete the Settlement Administration (through December 2022)."  Eoff Decl. ¶ 34.

1   Ms. Eoff has advised that she is available to attend any upcoming Court conferences in this case to

2   provide any necessary information in further support of her request.

3   **The Final Approval Hearing**

4        The Final Approval hearing in this case is currently scheduled for December 22, 2021.

5   Following consultation, and in agreement with defense counsel, Class Counsel reports that the

6   parties are prepared to move forward as scheduled.  However, if the Court would prefer to receive

7   submission of the post-audit claims data before issuing a ruling on Final Approval of the proposed

8   settlement, Plaintiffs propose that the Court direct a supplemental submission from JND on January

9   21, 2022, with a Final Approval hearing to take place at the Court's next earliest convenience

10   thereafter.

11   Dated:  December 7, 2021          Respectfully submitted,

12             **BURSOR & FISHER, P.A.**

13             By:____*/s/ Yitzchak Kopel*_____
                   Yitzchak Kopel

14

15             Yitzchak Kopel (*Pro Hac Vice*)
            888 Seventh Avenue, Third Floor

16            New York, NY 10019
            Telephone: (646) 837-7150

17            Facsimile:  (212) 989-9163
            Email: ykopel@bursor.com

18            **BURSOR & FISHER, P.A.**
            L. Timothy Fisher (SBN 191626)

19            1990 North California Boulevard, Suite 940
            Walnut Creek, CA  94596

20            Telephone: (925) 300-4455
            Facsimile:  (925) 407-2700

21            E-Mail: ltfisher@bursor.com

22            **HATTIS & LUKACS**
            Daniel M. Hattis (SBN 232141)

23            Paul Karl Lukacs (SBN 197007)
            400 108th Ave NE, Ste 500

24            Bellevue, WA 98004
            Telephone: (425) 233-8650

25            Facsimile: (425) 412-7171
            Email: dan@hattislaw.com

26                   pkl@hattislaw.com

27            *Class Counsel*

28